500 A.2d 1163

**Charles Scott THOMAS, a Minor by His Parents and Natural Guardians, Charles Frederick THOMAS, Jr. and Judith Thomas, and Charles Frederick Thomas, Jr. and Judith Thomas, Husband and Wife, In Their Own Right, Appellants,**

**v.**

**DUQUESNE LIGHT COMPANY, Pittsburgh Chartiers & Youghiogheny Railway Company, the Pittsburgh & Lake Erie Railroad Company, Kenny Watson, Norman Cousins, and Mae Lunardi, d/b/a Dario's Distributor, a/k/a Dario's Beer Distributors, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Nov. 15, 1985.

494

Frank E. Little, Pittsburgh, for appellants.

Richard A. Porach, Pittsburgh, for P & LE, appellees.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiff-Appellants file the instant appeal from an order of the lower court which granted summary judgment in favor of the Defendant-Appellee, The Pittsburgh and Lake Erie Railroad Company (hereinafter referred to as "P & LE"). After a careful review of the record, we find that summary judgment was properly entered by the lower court in this case, and affirm that result.

The Plaintiffs instituted this trespass action on October 7, 1983 against several defendants, including P & LE, for damages arising out of severe injuries suffered by their minor son. The boy was injured when he apparently touched an electric line and fell from an electrical tower owned by the Defendant Duquesne Light Company. The tower was on land owned by the Defendant Pittsburgh, Chartiers & Youghiogheny Railway Company (hereinafter referred to as "PC & Y"). Just prior to climbing the tower, the boy and some companions were engaged in a drinking party on the PC & Y land which abutted the Ohio River. In order to reach this site, the minor Plaintiff and his friends had to trespass across property owned by the Appellee P & LE.

In the Plaintiffs' Amended Complaint, they asserted several types of alleged negligent conduct on the part of P & LE as the basis for their claims for damages against it. However, a review of the Appellants' brief to this Court in support of the instant appeal clearly shows that the most significant substantive basis upon which they maintain they have rights to recover against P & LE is if it is established that P & LE owns the land on which the electric tower was located. In that regard, there is no question that the lower court had ample support for granting summary judgment in favor of the Appellee.

Before reaching the substantive merits of the lower court's order, we must examine several procedural claims raised by the Appellants. In connection with such conten-

tions, the record shows that on August 2, 1984, P & LE filed its Motion for Summary Judgment and supporting brief, which asserted that it did not own the land upon which the accident took place and its mere status as an adjoining landowner created no basis for imposing liability on it for the minor Plaintiff's injuries. The Plaintiffs filed a responsive brief on August 23, 1984, one day before the date on which the lower court had scheduled argument on the Appellee's motion. The next day, August 24, 1984, respective counsel for the Appellants and Appellee appeared before the lower court to argue the motion. At the hearing, counsel for P & LE provided both the court and Plaintiffs' counsel with a supplement to the Motion for Summary Judgment and an attached Affidavit. These matters had not yet been filed with the Prothonotary, but were filed by P & LE immediately following the hearing. The Affidavit, by an official of P & LE, denied its ownership of the land in question. The lower court accepted the supplemental motion and affidavit at the hearing and offered the Plaintiffs' counsel the opportunity to file a counter-affidavit. However, Plaintiffs' counsel specifically declined that offer. Upon review of the matters then of record as well as the supplement to Motion for Summary Judgment and Affidavit, the lower court verbally indicated that summary judgment would be *granted* in favor of P & LE. However, the clerk of the lower court inadvertently prepared and entered an Order dated August 24, 1984 *dismissing* the Motion for Summary Judgment. After discovery of the error, the lower court issued a new Order, dated August 31, 1984, signed by both Judges who considered this matter, which rescinded the Order entered erroneously on August 24, 1984, and granted summary judgment in favor of P & LE, thereby dismissing P & LE from the lawsuit. Such lower court judges filed a Supplemental Opinion on June 6, 1985, fully explaining that the original order had been entered in error.

■ Plaintiffs first contend on appeal that the Order of August 24, 1984, denying P & LE's Motion for Summary Judgment, was correct and that the Order of August 31,

1984 which rescinded the August 24, 1984 Order, and granted summary judgment in favor of P & LE, was issued either after ex-parte communications by the lower court with the Appellee, or sua sponte in violation of Pennsylvania Rule of Civil Procedure 1035, or on some unethical or questionable basis. Appellants' brief makes no reference to the fact that the lower court announced its intention, at the time of oral argument, of granting the Appellee's Motion for Summary Judgment. It also does not discuss the lower court's Supplemental Opinion which fully explains that the Order issued on August 31, 1984 was the correct one, and that the earlier Order had been incorrectly entered through clerical error. It is apparent that the Appellants' serious claims of irregular or questionable conduct by the lower court and the Appellee are not only totally devoid of arguable merit, but also that they constitute an attempt to deceive this Court. Such assertions must not only be rejected out of hand, but are vigorously condemned. Counsel must be advised that such conduct before our Court will not be tolerated.

■ We next turn to the Appellants' claim that the lower court erred in granting summary judgment based in part upon the Appellee's supplemental motion and supporting affidavit which were not actually filed of record until shortly after the argument date. Appellants argue that they were deprived of due process in these circumstances. Although it is certainly desirable that such matters be filed prior to the argument date, we cannot hold that the lower court abused its discretion in considering the matters submitted by the Appellee just prior to the argument, under all of the circumstances present in this case. The Appellants' brief declares that argument on the Motion for Summary Judgment had originally been set for September 6, 1984. However, the case was subsequently included on an argument list for August 24, 1984. When the Appellee submitted its supplemental motion and affidavit, the court offered the Plaintiffs an opportunity to respond by filing a counter-affidavit, setting forth any facts to suggest that the land in issue was owned by the Appellee P & LE. This

offer was expressly rejected by the Appellants. It is evident that in this setting, the lower court afforded the Plaintiffs an ample opportunity to respond to the Appellee's submission, and did not err in considering it in connection with the Motion for Summary Judgment.

The Appellants next assert that the lower court acted improperly, with regard to the Motion for Summary Judgment, in considering an admission of Defendant PC & Y that it owned the land where the accident occurred. Such admission was submitted in response to a request for admissions filed by the Appellee. Rule 1035 provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Nowhere does Rule 1035 require that admissions used to support a Motion for Summary Judgment be restricted to those admissions made by the party requesting summary judgment, as argued by the Appellants. Therefore, we find the lower court's reliance on the admission of ownership of the land by party Defendant PC & Y to have been justified.

We next turn to the Appellants' argument that a ruling on the Motion for Summary Judgment was premature in this case as Appellants' discovery requests were then still outstanding pertaining to the issue of ownership of the land where the accident occurred. They contend that since such discovery was not completed, they could not properly file a counter-affidavit for the court's consideration with regard to the Appellee's Motion for Summary Judgment. Not only did the Appellants specifically, and without qualification, decline the court's offer to submit any counter-affidavit, but a review of the then-outstanding discovery efforts shows clearly that they would have produced no information supportive of the Appellants' position in opposition to the Appellee's motion. The only discovery matters outstanding at the time of the lower court's consideration of the Motion for Summary Judgment were Appellants' interrogatories and requests for documents. The

only item in the interrogatories regarding ownership of the land was a single question which sought the name and address of the owner of the real estate at the exact location of the electrical tower on the date of the accident. The request for documents did not address itself specifically to the question of property ownership, but did seek any documents relating to responses to the interrogatories. Defendant PC & Y had previously admitted of record its ownership of the land in dispute, and the affidavit of P & LE's representative denied such ownership. The Plaintiffs' limited discovery efforts, directed to both of these Defendants, and covering the same question of ownership, had already been answered by such parties in the aforesaid admission and affidavit. In these circumstances, the lower court cannot be held to have committed any error in ruling on the Motion for Summary Judgment, despite the fact that some of the Appellants' discovery requests were then still outstanding.

■ Finally, we examine the Appellants' single substantive contention, that the standard for the granting of summary judgment was not met in this case. Rule 1035 provides that summary judgment is to be granted when all evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Plaintiff-Appellants claim that the fact of ownership of the land where the accident occurred is still in question. We cannot agree. PC & Y's admission of ownership and P & LE's denial of ownership have not been rebutted in any way, and are clearly sufficient to support the lower court's finding that there exists no genuine issue of fact concerning PC & Y's ownership of the land.

■ Appellants further maintain that even if no factual issue exists on the issue of who owned the land where the accident occurred, summary judgment should nevertheless have been denied because of other claims asserted against P & LE in its capacity as an adjoining landowner. The Appellants cite one decision of a Court of Common Pleas in support of this proposition. Not only do we find the facts

of that case inapposite for comparison with the situation presented in the instant case, but it is clear that prevailing legal precedent supports the conclusion that one who has suffered harm as a result of encountering a purported hazardous artificial condition on another's land, as allegedly occurred in this case, cannot recover damages from the owner of the property over which he passed to reach the land on which the dangerous condition existed. See *Kearns v. Rollins Outdoor Advertising, Inc.*, 89 Pa.Cmwlth. 596, 492 A.2d 1204 (1985); *Malischewski v. Pa. R.R. Co.*, 356 Pa. 554, 52 A.2d 215 (1947); *Magner v. Baptist Church*, 174 Pa. 84, 34 A. 456 (1896).

Thus, it appears to have been firmly established in this case that Defendant PC & Y owned the property upon which the electrical tower from which the minor Plaintiff fell was located, while Defendant Duquesne Light Company owned the tower itself. Defendant P & LE merely owned the land adjacent, which the boy passed through, to reach the property where the tower stood. The Appellee, as an adjacent landowner, could not be held liable for the boy's injuries under all of the circumstances of this case. Therefore, we hold that summary judgment was properly granted as a matter of law.

The order of the lower court is hereby affirmed.