565 A.2d 182.

**CITY OF PHILADELPHIA**

v.

**CHICKEN'S PLACE, INC., Appellant.**

Superior Court of Pennsylvania.

Argued May 16, 1989.

Decided Oct. 20, 1989.

Cheryl B. Wolf, Philadelphia, for appellant.

Robin R. Bridges, Philadelphia, for appellee.

Samuel Shevlin, Philadelphia, for Charles Davis, participating party.

Before CIRILLO, President Judge, and ROWLEY and HESTER, JJ.

HESTER, Judge:

Chicken's Place, Inc. appeals from the order entered in the Court of Common Pleas of Philadelphia County on November 22, 1988, which granted it the right to redeem certain real property upon the payment of $25,000.00 and a specified amount of interest.[1] For the reasons set forth below, we affirm.

The relevant facts may be summarized as follows. On January 5, 1987, due to unpaid municipal taxes, the Sheriff of Philadelphia offered appellant's property, a commercial building located on West Queen Lane, for sale. Appellee

---

1. We note that the caption in this matter incorrectly designates the City of Philadelphia as the appellee instead of Charles Davis.

Charles Davis submitted the winning bid and purchased it for $25,000.00. Seven months later, the sheriff's deed conveying the premises was acknowledged.

On April 8, 1988, appellant petitioned for redemption of the property. During the pendency of the proceedings concerning that petition, a fire damaged the building which, throughout these events, remained in appellant's possession and control. Appellant paid no rent. Shortly thereafter, appellant, at its own expense, began repairing the structure.

Five months after appellant filed its petition, the trial court entered an order granting it the right to redeem the property upon the payment of a sum to be determined later. In conjunction with that order, a memorandum was filed which indicated that appellant should bear the burden of the fire loss. On November 22, 1988, the court entered a second order designating that appellant had to pay $25,-000.00 plus interest at ten percent per annum from the date that the sheriff's deed was acknowledged, August 17, 1987, to redeem the property. This timely appeal followed.

The issue raised on appeal concerns who should bear the risk of loss resulting from the fire which severely damaged the uninsured premises. Appellant, by his argument, attempts to impose a duty upon appellee to purchase insurance. Since appellee breached that duty, appellant contends that it is entitled to a credit against the redemption price for the property. In order to determine the validity of that contention, we must determine whether appellee owed such a duty and the consequences flowing from its breach.

■ Appellant's first assertion is that 53 P.S. § 7293 requires that the purchaser of property at a tax sale must, for the protection of the original owner's right of redemption, insure it. This assertion is without merit.

In pertinent part, 53 P.S. § 7293, the statute that sets forth the procedure for redeeming property sold under a tax or municipal claim, states:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; *the insurance upon the property,* and other charges and necessary expenses of the property, *actually paid,* less rents or other income therefrom, and a sum equal to the interest at the rate of ten per cent per annum thereof from the time of each of such payments. If both owner and creditor desire to redeem, the owner shall have the right so to do only in case he pays the creditor's claim in full. If more than one creditor desires to redeem, the one who was lowest in lien at the time of sale shall have the prior right, upon payment in full of the claim of the one higher in lien. Within the year, one who was lower in lien may redeem from one higher in lien who has already redeemed, and the owner may redeem from him; and so on throughout, in each case by paying the claim of the one whose right was higher; and one higher in lien may redeem from one lower in lien unless his claim is paid; but in each case the right must be exercised within the year.

*Id.* (emphasis added). Keeping in mind that we may not disregard the letter of a statute under the pretext of pursuing its spirit when its words are free of ambiguity, 1 Pa.C.S. § 1921, we turn to appellant's claim.

It is clear that 53 P.S. § 7293 does not impose a duty upon the purchaser of property at a tax sale to purchase insurance to protect the original owner's interest during the allowable period of redemption. Our review of the pertinent part of that statute reveals that it merely provides for

the reimbursement, by the redemptor, of the purchaser of property sold at a tax sale for certain expenses, including those relating to insurance, actually incurred with respect to it. It in no way suggests or implies that there is any duty to purchase insurance for such property. Since the statutory language is free from ambiguity, we decline to give it the construction urged by appellant. Therefore, his claim must fail.

■ Appellant next asserts that since the purchase of insurance was necessary to protect the interests of the parties, the municipality, and the public, appellee had a duty to insure the premises from hazards. This claim is frivolous.

■ Appellant's claim is similar to one sounding in tort. Since appellant uses tort principles to frame his claim, we will use them to address it. In a tort case, the focus for a determination of whether a person owes a duty is an examination of the conduct of a reasonable man under the circumstances. *See Mazzagatti v. Everingham by Everingham*, 512 Pa. 266, 516 A.2d 672 (1986). Instantly, we conclude, as a matter of law, that a reasonable man with a defeasible interest in property would not necessarily insure it against hazards until such a time that his interest became indefeasible. Consequently, we find that appellee did not have a duty to insure the premises.

■ Finally, appellant asserts that the trial court erroneously refused to credit it for the sums actually expended in repairing the structure following the fire. In support of this assertion, it contends that since appellee failed to insure the property, the risk of loss resided with him. This claim is frivolous. As demonstrated above, appellee was under no duty, either by statute or the common law, to insure the premises. Therefore, his failure to purchase insurance may not be the basis for saddling him with the risk of loss and costs that were voluntarily assumed by appellant, the redeeming party, and intended to benefit only it. *Compare City of Philadelphia v. Watkins*, 343 Pa.Su-

per. 380, 494 A.2d 1135 (1985) (if redeeming party benefits from necessary renovations made by tax-sale purchaser, he must reimburse the purchaser).

Our review of the record reveals that the trial court set the redemption price in accordance with the statutory requirements. Therefore, we decline to disturb its decision.

Order affirmed.