616 A.2d 657

**Dianne L. BURMAN, David Burman, Her Husband, Appellants**

**v.**

**GOLAY AND COMPANY, INC., Thomas Lopatofsky and Carol Lopatofsky, Individually and d/b/a Lopatofsky Bros., LP Gas Co.**

**v.**

**AMCA INTERNATIONAL CORP., Lee Cylinders Division, Golay and Co., Inc., Trinity Industries, Inc., LP Cylinder Service Company, Walter Stegman, Individually and/or d/b/a LP Cylinder Service Company, Sherwood Gas Control Products, RegO Company, Fisher Controls, William L. O'Brien, Robert Dolph and Pennsylvania Electric Company (PENELEC), Additional Defendants.**

Superior Court of Pennsylvania.

Argued July 15, 1992.

Filed Sept. 24, 1992.

Reargument Denied Nov. 30, 1992.

Laurence M. Kelly, Montrose, for appellants.

Norman D. Namey, Wilkes–Barre, for Sherwood Gas Control Products, appellee.

Francis J. Grey, Philadelphia, for Rego Co., appellee.

Before CIRILLO, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge.

Plaintiffs Dianne L. Burman and David Burman, her husband, appeal from the December 5, 1991 Order granting summary judgment to Pennsylvania Electric Company (PENELEC), RegO Company and Sherwood Gas Control Products.[1]

Mrs. Burman, who was a spectator at a house fire, was injured when she was struck by a portion of a propane gas cylinder which exploded as a consequence of the extreme heat generated by the fire. The gas cylinders had been installed at the home owned by William O'Brien and leased to Samantha and Robert Dolph by defendant Lopatofsky Brothers LP Gas Company. Appellant brought suit against the propane gas company and its owners, Thomas and Carol Lopatofsky, on theories of strict liability, negligence and breach of warranty. These original defendants then joined the Dolphs, O'Brien, appellees Sherwood and RegO, manufacturers of multivalves

---

1. This appeal is limited to additional defendants PENELEC, RagO and Sherwood.

used on propane tanks, and PENELEC, who provided electrical service to the dwelling which had burned. In granting summary judgment the court reasoned PENELEC owed no duty to appellants and neither Sherwood or RegO could be found liable on theories of alternative liability or enterprise liability. This appeal followed.

Appellants maintain summary judgment was inappropriate because there exist controverted facts relevant and necessary to the resolution of the matter, including outstanding discovery requests. The appellants argue PENELEC owed a duty of care to Mrs. Burman "as if [she] had been a member of the news media, the fire department or one invited on the premises for the purpose of observing said fire." (Appellants' brief at p. 6.) Appellants also contend the doctrine of enterprise liability demands Sherwood and RegO, the manufacturers of like, allegedly defective products, herein multivalves, be held accountable despite lack of specific identification as the tortfeasor.

A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the court's conclusion no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. *See Penn Center House, Inc. v. Hoffman*, 520 Pa. 171, 553 A.2d 900 (1989) (entire record before lower court must be examined and all doubts as to the existence of an issue of material fact are to be resolved against a grant of summary judgment). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him the benefit of all reasonable inferences to be drawn therefrom. *Jefferson v. State Farm Ins.*, 380 Pa.Super. 167, 551 A.2d 283 (1988). We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 549 A.2d 1311 (1988).

Appellants aver the trial court's entry of summary judgment was premature in light of the fact they had not yet received answers to the interrogatories they had submitted to

the appellees and rely on *Baesel v. New Boulevard Baking Co., Inc.,* 410 Pa.Super. 591, 600 A.2d 610 (1991), in support thereof. However, from our reading of *Baesel,* we conclude summary judgment may be properly granted despite outstanding discovery requests where the information sought by the non-moving party would not have been germane to the issues presented by the movant. The motions for summary judgment by defendants RagO and Sherwood averred they were entitled to summary judgment because the plaintiffs were unable to identify either of them as the manufacturer of the multivalve used on the offending propane tanks. Because this legal concept remains the law in Pennsylvania, *Cummins v. Firestone,* 344 Pa.Super. 9, 495 A.2d 963 (1985) (*see also* discussion on enterprise liability, infra), and the outstanding discovery sought by plaintiffs would have added nothing to the record to establish the multivalve manufacturer's identity, *Thomas v. Duquense Light Co.,* 347 Pa.Super. 492, 500 A.2d 1163 (1985); *see also Baesel, supra,* we find the court did not abuse its discretion or commit an error of law by granting summary judgment despite an outstanding discovery request. As to appellee PENELEC, summary judgment was also appropriate despite outstanding interrogatories as no information sought by appellants would have been germane to PENELEC's summary judgment averments it owed no duty to appellants or, in the alternative, Mrs. Burman's injuries were not a foreseeable consequence of any alleged negligence.

Next, appellants argue PENELEC, as the alleged negligent provider of electricity to the home which burned, owed a duty of care to a curious onlooker of the housefire. Appellants contend it was reasonably foreseeable to PENELEC that a voluntary spectator could be struck by flying debris projected into the air as a result of the housefire which, appellants contend, was caused by PENELEC's negligent electrical maintenance. (Appellants' brief at pp. 13–14.)

The basic elements of a cause of action founded on negligence are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury and an actual loss. *Casey v. Geiger,* 346 Pa.Super. 279, 499 A.2d 606 (1985).

Duty, in any given situation, is predicated upon the relationship existing between the parties at a particular time; if the parties are strangers, the scope of the duty not to place others at risk is limited to those risks which are reasonably foreseeable. *Alumni Assoc., Delta Zeta Zeta of Lambda Chi Alpha Fraternity v. Sullivan,* 369 Pa.Super. 596, 535 A.2d 1095 (1987). In a tort case, the focus for determining whether a person owes a duty is an examination of the conduct of a reasonable person under the circumstances. *City of Philadelphia v. Chicken's Place, Inc.,* 388 Pa.Super. 198, 565 A.2d 182 (1989), *appeal denied,* 526 Pa. 627, 584 A.2d 310 (1990). Our analysis of the facts and law peculiar to this issue convinces us PENELEC owed no duty to appellants and therefore cannot be found negligent as it relates to voluntary spectators at an obviously dangerous scene. *See Dahlstrom v. Shrum,* 368 Pa. 423, 84 A.2d 289 (1951) (negligent motorist owed no duty of care to an involuntary spectator injured by his tortious acts).

■ Lastly, appellants contend the manufacturers of the multivalves, appellees Sherwood and RagO, can be held liable under the doctrine of enterprise liability. However, in order for liability to attach in a products liability suit a plaintiff must establish his injuries were caused by the product of a particular manufacturer or supplier. *Bushless v. GAF Corp., et al.,* 401 Pa.Super. 351, 585 A.2d 496 (1990).

Enterprise liability exists where (1) the injury-causing product was manufactured by one of a *small* number of defendants in an industry; (2) the defendants had joint knowledge of the risks inherent in the product and possessed a joint capacity to reduce those risks; and (3) each of them failed to take steps to reduce the risk but, rather, delegated this responsibility to a trade association.

*Burnside v. Abbott Laboratories,* 351 Pa.Super. 264, 505 A.2d 973 (1985).

■ Despite appellants' contention to the contrary, no Pennsylvania appellate court has endorsed the theory of enterprise liability. This finding, coupled with the absence of a nexus between either appellee and the multivalves used on the

exploding propane tanks, precludes appellants' suit for damages.

For the reasons of law and fact stated herein, we find there was no issue of material fact before the trial court and affirm the December 5, 1991 Order granting summary judgment in favor of Sherwood, RegO and PENELEC.

Order affirmed.