J-S62045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEROLD HART | |
| Appellant | No. 476 EDA 2014 |

Appeal from the Judgment Entered January 7, 2014
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 11566 Civil 2010

BEFORE:  ALLEN, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                     **FILED FEBRUARY 10, 2015**

Jerold Hart appeals from the judgment,[1] entered January 7, 2014, in the Monroe County Court of Common Pleas, in favor of PNC Mortgage, a division of PNC Bank, National Association ("PNC"), and against Hart in the amount of $374,623.74.  The judgment was entered simultaneously with the trial court's order granting PNC's motion for summary judgment in this mortgage foreclosure action.  On appeal, Hart argues the trial court's grant of summary judgment was premature because (1) PNC failed to respond to outstanding discovery requests, and (2) genuine issues of material fact still

---

[1] We note that Hart purports to appeal from the January 7, 2014, order granting summary judgment.  Because a monetary judgment of $374,623.74 was entered by the same order, we will consider the appeal from the entry of judgment.  **See** Order, 1/7/2014.

exist as to whether PNC has standing in this action. For the reasons that follow, we affirm.

This action involves a mortgage loan in the amount of $291,127.00, executed by Hart and First Continental Mortgage, LLC, on June 26, 2009, for a property located at 101 Smiley Lane, Stroudsburg, Pennsylvania. The mortgage was subsequently assigned to National City Bank, which later merged with PNC. On December, 2, 2010, PNC filed a complaint in mortgage foreclosure, averring Hart had been in default on the loan since July 1, 2010. Hart filed an answer and new matter, to which PNC filed a reply. Thereafter, on June 23, 2011, Hart served PNC with a set of interrogatories and a request for production of documents.

From May of 2012, until January of 2013, the action was stayed while the parties participated in Monroe County's Residential Mortgage Diversion Program. However, the stay was lifted on January 31, 2013, when the parties were unable to reach an agreement. Thereafter, on August 14, 2013, PNC sent Hart a package of documents in response to Hart's interrogatories and document requests.[2]

---

[2] **See** Praecipe to Attach Missing Exhibit, 11/25/2013, Letter from PNC to Hart's Counsel, 8/14/2013 (stating "In response to your interrogatories and document production requests, I am enclosing the following: … Origination file; Loss mitigation file; Collection history; Correspondence; and Payment history, 2009-2010.").

On October 7, 2013, PNC filed a motion for summary judgment, asserting there were no genuine issues of material fact and it was entitled to judgment as a matter of law. **See** Motion for Summary Judgment, 10/7/2013, at ¶ 3. On November 1, 2013, Hart filed an answer, contending that summary judgment was premature due to PNC's failure to answer his discovery requests. Answer of Defendant to Motion for Summary Judgment, 11/1/2013, at ¶¶ 3-4. Following argument before the trial court, on January 7, 2014, the court granted PNC's motion, and entered judgment in favor of PNC in the amount of $374,623.74, plus costs. This timely appeal followed.[3]

On appeal, Hart contends the trial court erred when it prematurely granted PNC's motion for summary judgment. First, Hart argues PNC failed to respond to its request for interrogatories and production of documents, which he claims are "crucial to the defense of this claim."[4] Hart's Brief at 12. Second, Hart asserts there exists a genuine issue of material fact as to whether PNC is the legal owner of the mortgage. Specifically, Hart argues he denied this averment in his answer, and "demanded strict proof[.]" **Id.**

_____

[3] On March 3, 2014, the trial court ordered Hart to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hart complied with the court's directive and filed a concise statement on March 24, 2014.

[4] We note that Hart does not detail what documents are still missing, or how the information PNC has purportedly not provided is "crucial to the defense of this claim." Hart's Brief at 12.

at 13.  Accordingly, Hart contends the trial court erred in granted summary judgment in favor of PNC.

Our standard of review is well-established:

We review an order granting summary judgment for an abuse of discretion.  ***Indalex, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA***, 83 A.3d 418, 420 (Pa.Super. 2013).  Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party.  ***Id.***  A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1).  In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact.  Pa.R.C.P. No. 1035.3.

***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014).

Furthermore, when considering a mortgage foreclosure action, we must bear in mind:

The holder of a mortgage has the right, upon default, to bring a foreclosure action.  The holder of a mortgage is entitled to summary judgment **if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.**

***Id.*** at 464-465 (citation omitted and emphasis supplied).  "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings."  ***Cunningham v. McWilliams***, 714 A.2d 1054, 1057 (Pa. Super. 1998), *appeal denied*, 734 A.2d 861 (Pa. 1999).

The trial court, in its Rule 1925(a) opinion, provided a thorough summary of the applicable law and a well-reasoned discussion of the issues

raised by Hart on appeal. *See* Trial Court Opinion, 4/22/2014, at 3-11 (finding (1) Hart concedes that on August 14, 2013, PNC submitted to him 602 pages of categorized documents in response to his discovery requests; (2) Hart never sought sanctions against PNC for its failure to comply with his discovery requests prior to the motion for summary judgment; (3) summary judgment may be granted despite outstanding discovery "where the information sought by the non-moving party would not have been germane to the issues presented by the movant[;]"[5] (4) Hart had "all the information he needed in order to defend against [PNC's] Motion for Summary Judgment[;]"[6] (5) because, pursuant to Pa.R.C.P. 1029(b), the averments in a pleading must be specifically denied, Hart's general denials to the allegations in PNC's complaint, particularly with regard to facts within his knowledge and control, had the effect of admissions; and (6) Hart, effectively admitted "that he is a party to the mortgage, that [PNC] is the rightful owner of the Mortgage and the Note, that the mortgage is in default and that the mortgage is in the specified amount[;]"[7] therefore, there are no

---

[5] Trial Court Opinion, 4/22/2014, at 6, *citing **Burman v. Golay and Co., Inc.***, 616 A.2d 657, 659 (Pa. Super. 1992), *appeal denied*, 624 A.2d 108 (Pa. 1993).

[6] *Id.* We reiterate Hart does not explain what discovery he is missing, and how that information impacted his ability to defend this action.

[7] *Id.* at 11.

disputed issues of material fact, and summary judgment was properly granted in favor of PNC.[8]

Our independent review of the record reveals ample support for the trial court's conclusions. Therefore, we adopt the sound reasoning of the Honorable Jerome P. Cheslock as dispositive of claims raised by Hart on appeal, and affirm the judgment in favor of PNC.

Judgment affirmed.

_____

[8] We note Hart's primary complaint appears to be that PNC has not demonstrated it is the legal owner of the mortgage. **See** Hart's Brief at 13-14. In its brief in support of its motion for summary judgment, PNC explained the chain of ownership as follows:

> Said mortgage was recorded on June 26, 2009 in the Monroe County Recorder's Office at Mortgage Book Volume 2355, Page 6787. [PNC's] predecessor, National City Bank [], acquired its interest in the mortgage by assignment dated August 5, 2009 that was recorded on August 17, 2009 in said Recorder's Office in Book 2385, page 3772.

PNC's Brief in Support of Motion for Summary Judgment, 11/15/2013, at 1 (footnote omitted). Furthermore, PNC attached to its motion for summary judgment an affidavit from an authorized signer at PNC stating that, effective November 6, 2009, National City Bank merged with PNC. **See** Affidavit Pursuant to Pa.R.C.P. 1035.4 and 76 in Support of Motion for Summary Judgment, 10/7/2013, at ¶ 2. Hart has provided no evidence contesting the legitimacy of these claims. Accordingly, the trial court was entitled to accept these unchallenged facts as true. **See Bank of Am., N.A.**, **supra**, 102 A.3d at 464 ("In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact."), *citing* Pa.R.C.P. No. 1035.3.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/10/2015

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

PNC MORTGAGE, A DIVISION OF PNC : No. 11566 CV 2010
BANK, NATIONAL ASSOCIATION, :
                               :
       Plaintiff                 :
                               :
       vs.                      :
                               :
JEROLD T. HART, :
                               :
       Defendant            :   APPEAL

**OPINION IN SUPPORT OF ORDER PURSUANT TO Pa.R.A.P. 1925(a)**

This matter comes before the Court on Jerold T. Hart's (hereinafter, "Defendant") appeal of this Court's Order dated January 7, 2014. The procedural history and relevant facts are summarized as follows: Plaintiff commenced an action in mortgage foreclosure seeking to foreclose on property owned by Defendant and secured by a mortgage in favor of Plaintiff. A Complaint in Mortgage Foreclosure was filed on December 2, 2010. On March 7, 2011, Plaintiff filed a Motion for Special Service because it was unable to serve Defendant with the Complaint despite an attempt by the Monroe County Sheriff's Department.[1] By Order dated March 8, 2011, the Honorable Arthur L. Zulick granted Plaintiff's Motion for Special Service.

---

[1] In its Motion for Special Service, Plaintiff avers that the Sheriff attempted to make service on Defendant at 101 Smiley Lane, Stroudsburg, Pennsylvania, 18360; however, there was no answer at the residence after several attempts. The Postmaster of Stroudsburg, PA, 18360 advised Plaintiff that Defendant Jerold T. Hart still received mail at the above-cited address. Further, an investigation report obtained by Plaintiff's Counsel revealed that the Department of Transportation and Social Security last listed Defendant's address as 101 Smiley Lane, Stroudsburg, PA, 18360. *See Plaintiff's Motion for Special Service.* On April 28, 2011, Plaintiff

1

On March 14, 2011, Plaintiff filed a Praecipe to Reinstate Complaint. On April 14, 2011, Defendant filed an Answer and New Matter to the Complaint in Mortgage Foreclosure. On May 9, 2011, Plaintiff filed a Reply to Plaintiff's New Matter.

On May 1, 2012, Defendant filed a Motion for Conciliation/Case Management Conference under the Monroe County Mortgage Foreclosure Diversion Program. By Order dated May 4, 2012, the Honorable Arthur L. Zulick ordered a conciliation/case management conference for November 28, 2012.[2] By Order dated December 3, 2012, the stay in the mortgage foreclosure was continued in light of the parties' ongoing attempts to reach an agreement. On January 31, 2013, Judge Zulick issued an Order lifting the stay in the above-captioned case due to the parties' inability to reach an agreement.

On October 7, 2013, Plaintiff filed a Motion for Summary Judgment. On November 1, 2012, Defendant filed an Answer to Plaintiff's Motion for Summary Judgment. On November 15, 2013, Plaintiff filed a Brief in Support of its Motion for Summary Judgment. Thereafter, on November 25, 2013, Plaintiff filed a Praecipe to Attach Missing Document. On November 27, 2013, Defendant filed a Brief in Opposition to Plaintiff's Motion for Summary Judgment. On January 6, 2014, the Court held argument on Plaintiff's Motion for Summary Judgment, at which time both Plaintiff and Defendant appeared and argued their respective

---

filed a Proof of Publication with the Court, stating that it had served Defendant with a "Service of Publication" on April 1, 2011 and April 2, 2011.

[2] The May 4, 2012 conciliation/case management order also directed Defendant to complete a written proposal to modify their mortgage within sixty (60) days before the conciliation conference and to provide supporting financial and employment information and documentation. The Order also stayed all proceedings in the mortgage foreclosure case with the exception of service of original process.

positions. By Order dated January 7, 2014, Plaintiff's Motion for Summary Judgment was granted.

On February 6, 2014, Defendant filed a Notice of Appeal with the Superior Court. More specifically, Defendant appeals from the January 7, 2014 Order in which Plaintiff's Motion for Summary Judgment was granted. On March 3, 2014, this Court directed Defendant to file a Concise Statement of errors complained of on appeal within (21) days of the date of the Order. On March 24, 2014, Defendant filed a Concise Statement of Matters Complained of on Appeal.

Defendant raises the following two (2) issues in his Concise Statement: (1) the Trial Court erred or abused its discretion in granting the underlying Motion for Summary Judgment when the moving party failed or refused to answer outstanding discovery; specifically, interrogatory requests and a production of document request, and (2) the Trial Court erred in granting the Motion for Summary Judgment because there were multiple genuine issues of material fact that existed, including whether Plaintiff (Appellee) had standing and was the legal owner of the Note and Mortgage at issue. We will address these issues in turn.

Defendant first argues that the Trial Court erred or abused its discretion in granting Plaintiff's Motion for Summary Judgment because Plaintiff allegedly failed or refused to answer outstanding interrogatory requests and a production of document request. For the reasons set forth below, we disagree with Defendant.

Pursuant to the Pennsylvania Rules of Civil Procedure, Rule 4003.1 states the following:

3

(a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

(b) It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(c) Except as otherwise provided by these rules, it is not ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to fact.

Pa.R.C.P. No. 4003.1. Further, if a party fails to properly comply with the above-cited discovery rules, sanctions may be imposed pursuant to Pa.R.C.P. No. 4019, which provides, in relevant part, the following:

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

(ii) a corporation or other entity fails to make a designation under Rule 4004(a)(2) or 4007.1(e);

(iii) a person, including a person designated under Rule 4004(a)(2) to be examined, fails to answer, answer sufficiently or object to written interrogatories under Rule 4004;

(iv) a party or an officer, or managing agent of a party or a person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take the deposition;

(v) a party or deponent, or an officer or managing agent of a party or deponent, induces a witness not to appear;

4

(vi) a party or an officer, or managing agent of a party refuses or induces a person to refuse to obey an order of court made under subdivision (b) of this rule requiring such party or person to be sworn or to answer designated questions or an order of court made under Rule 4010;

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

Pa.R.C.P. No. 4019. Additionally, subsection (c) of the above-cited rule sets forth actions the Court may take in response to a Motion for Sanctions.

In the instant case, Defendant alleges that Plaintiff failed or refused to answer outstanding interrogatories and a request for production of documents. More specifically, in his Brief in Opposition to Plaintiff's Motion for Summary Judgment, Defendant alleges that "[o]n June 23, 2011, Defendant through his counsel served a First Set of Interrogatories containing twenty-five (25) separate questions upon Plaintiff's counsel; a Request for Production of Documents including twenty-two (22) separate requests were further served in such discovery request upon Plaintiff's counsel." Despite this argument, Plaintiff, in it's Brief in Support of the Motion for Summary Judgment, avers that on August 14, 2013, Plaintiff submitted to Defendant five (5) itemized categories of documents aggregating (602) pages, a fact which Defendant has admitted in his brief. [3]

---

[3] Plaintiff filed a "Praecipe to Attach Missing Exhibit" on November 25, 2013, which included a letter dated August 14, 2013 addressed to Defendant's counsel. In the letter, Plaintiff's counsel indicates that it is submitting the following in response to Defendant's interrogatories and document productions requests: (1) Origination file; (2) Loss Mitigation file; (3) Collection History; (4) Correspondence, and (5) Payment History, 2009-2010.

5

Defendant has conceded that Plaintiff submitted documentation in response to his discovery requests. While Defendant may be unhappy with the way the information was submitted or organized, Pennsylvania Rule of Civil Procedure 4003.1 does not provide a specific means for the production of discovery. Even more telling is the fact that Defendant never exhausted his right to file a Motion for Sanctions pursuant to Pennsylvania Rule of Civil Procedure No. 4019. If Defendant was unsatisfied with the means in which Plaintiff provided discovery, or, in the alternative, found Plaintiff's responses inadequate, he should have filed a Motion for Sanctions in the hopes of coercing compliance.

Furthermore, even if there was outstanding discovery, a Motion for Summary Judgment may still be granted. "[S]ummary judgment may be properly granted despite outstanding discovery requests where the information sought by the non-moving party would not have been germane to the issues presented by the movant." Burman v. Golay and Co., Inc., 616 A.2d 657, 659 (Pa. Super. 1992). We believe that Defendant had all of the information he needed in order to defend against Plaintiff's Motion for Summary Judgment, and as such, the granting of Summary Judgment was more than appropriate in the case *sub judice*.

Next, Defendant argues that the Trial Court erred or otherwise abused its discretion in granting Plaintiff's Motion for Summary Judgment in that there were multiple genuine issues of material fact that existed at the time the motion was filed. For the foregoing reasons, we find that Defendant's argument is without merit.

6

22

Pennsylvania Rule of Civil Procedure §1035.2 permits the trial court to dismiss an action after the close of pleadings where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment may only be entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); Brecker v. Cutler, 578 A.2d 481 (Pa. Super. 1990).

Summary judgment may be granted only in cases where the right is clear and free from doubt. Musser v. Vilsmeier Auction Co., 562 A.2d 279, 280 (Pa. 1989). Only when the facts are so clear that reasonable minds cannot differ may a trial court properly enter summary judgment. Basile v. H&R Block, 563 Pa. 359, 761 A.2d 1115 (2000). The trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Potter v. Herman, 762 A.2d 1116 (Pa. Super. 2000). The moving party bears the burden of proving that no genuine issue of material fact exists. Long v. Yingling, 700 A.2d 508, 512 (Pa. Super. 1997).

In response to a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. Phaff v. Gerner, 451 Pa. 146, 303 A.2d 826 (1973). Failure to allege such specific facts will result in summary judgment, if

7

appropriate, against the non-moving party. Pa.R.C.P. 1035.3; Overly v. Kass, 554 A.2d 970 (Pa. Super. 1989). The Court must also accept as true all well-pled facts contained in the non-moving party's pleadings. Mattia v. Employers Mut. Cos., 440 A.2d 616 (Pa. Super. 1982). The Court must ignore contested facts contained in the pleadings and restrict its view to allegations in the pleadings that are uncontroverted and to material filed in support of and in opposition to a motion for summary judgment. Nationwide Mutual Ins. Co. v. Nixon, 682 A.2d 1310, 1313 (Pa. Super. 1996), *allocator denied*, 693 A.2d 589 (Pa. 1997) (citation omitted).

Pursuant to Pennsylvania Rule of Civil Procedure 1029(b), "the averments of the pleading to which a response is required are deemed admitted when not denied specifically." Pa. R.C.P. 1029(b). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. Elia v. Olszewski, 84 A.2d 188 (Pa. 1951). Although no fixed rule can be stated for determining whether a denial is specific, generally, for a denial to be specific, it must deny what is averred and then must affirmatively aver what did occur in place of the facts that are denied. *See* In re Estate of Roart, 568 A.2d 182, 186 (Pa. Super. (1989); Jones v. Dubuque Fire & Marines Ins. Co., 317 Pa. 144, 176 A. 208, 209 (1934). However, merely denying the amount owed or stating that the Defendant is without information sufficient to form a belief as to the truth of the Plaintiff's averment is considered to be a general denial and an

8

24

admission of the facts. <u>New York Guardian Mortgage Corp. v. Dietzel</u>, 524 A.2d 951 (Pa. Super. 1987).

In mortgage foreclosure cases, the entry of summary judgment is proper where it is admitted that the mortgage is in default, the mortgagors have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount, even though the defendant never admits the amount of the indebtedness in their pleadings. <u>Landau v. Western Pennsylvania National Bank</u>, 282 A.2d 335, 340 (Pa. 1971).

As stated above, Rule 1029 (b) requires a specific, factual response to a complaint. In the instant case, Defendant has effectively admitted every allegation of the Complaint in his Answer by either expressly admitting Plaintiff's allegations or failing to articulate specific reasons as to why the allegations are not true.

In the case *sub judice*, Defendant admits the following averments: the names and addresses of Plaintiff and Defendant, that Defendant executed a loan in the amount specified by Plaintiff and that a mortgage was recorded, that Defendant's property was encumbered and that Plaintiff, as mortgagor, advised Defendant, as mortgagee, of their intention to foreclose. However, Defendant denies the remaining averments and uses boilerplate assertions such as "the remainder of the averments are specifically denied and strict proof thereof is required" or "the instant averment contains a conclusion of law to which no response is required."

9

25

As the rules indicate, the failure to allege specific facts demonstrating genuine issues for trial will result in the granting of summary judgment. Defendant effectively admitted all of the averments of the Complaint when he failed to affirmatively aver what he believes actually occurred in the present case. First, Defendant effectively admits that Plaintiff is the holder of the mortgage based on a series of assignments. While Defendant argues on appeal that issues exist as to whether Plaintiff has standing and whether Plaintiff is the legal owner of the Note and Mortgage at issue, Defendant's Answer to Plaintiff's Complaint suggests otherwise. Defendant provided a general denial to Plaintiff's claim that it holds the mortgage, so therefore, Defendant has effectively admitted that Plaintiff was properly assigned the mortgage in question. Defendant makes no attempt to allege the actual facts of the mortgage assignment, but instead, simply responded with "specifically denied and strict proof thereof is required." This response is clearly not sufficient.

Most importantly, Defendant effectively admits that payments have not been made and that the mortgage is in default. The relevant law states, in part, that summary judgment is proper in mortgage foreclosure cases when it is admitted that the mortgage is in default. In his Answer, Defendant simply states that "the instant paragraph contains conclusions of law to which no response is required and the same is seemed to be denied." Clearly, Defendant is in a position to know whether he made payments on his mortgage. Also, while Defendant denies that the mortgage is in default, he fails to affirmatively set forth what actually occurred.

10

Lastly, Defendant effectively admits that the amount due and owing is accurate. In response to Plaintiff's allegations as to the correct amount due on the mortgage, Defendant again states that the averment is "specifically denied and strict proof thereof is required." This statement, without more, works as an admission. Additionally, while Defendant denies the amount due and owing on the mortgage, he fails to provide the Court with what he believes to be the correct amount.

Ultimately, Defendant has admitted that he is a party to the mortgage, that Plaintiff is the rightful owner of the Mortgage and the Note, that the mortgage is in default and that the mortgage is in the specified amount. As the Defendant's answer does not create a genuine issue of material fact, summary judgment was properly granted in favor of Plaintiff. The Plaintiff has established conclusively that the mortgage is in default, that Defendant as mortgagor has failed to pay the mortgage and that the recorded mortgage is in the specified amount. In a mortgage foreclosure proceeding, the Plaintiff need not do anything more.

For the foregoing reasons, we maintain that there is no basis for reversing the grant of Plaintiff's Motion for Summary Judgment. We respectfully request the Superior Court to affirm the Order of January 7, 2014.

BY THE COURT:

JEROME P. CHESLOCK, SENIOR JUDGE

Dated: _April 22, 2014_

11

27

cc: Rodney Permigiani, Esquire
C. Daniel Higgins, Jr., Esquire

12

28