588 A.2d 525

COMMONWEALTH of Pennsylvania,

v.

Robert DORLER, Sr., Appellee.

Appeal of TIMES PUBLISHING COMPANY, INC., and Keystone Broadcasting Corp. d/b/a WSEE–TV.

Appeal of The JET BROADCASTING CO., INC.

Superior Court of Pennsylvania.

Argued March 29, 1990. .

Filed March 13, 1991.

Craig A. Markhan, Erie, for appellant (at 1456) and for participating party (at 1457).

Peter J. Belott, Jr., Erie, for appellant (at 1457) and for participating party (at 1456).

John H. Moore, Erie, for appellee.

Before TAMILIA, KELLY and CERCONE, JJ.

KELLY, Judge:

In this case media representatives appeal from an order limiting press access in a criminal trial to prevent potential jurors from exposure to potentially prejudicial pre-trial press coverage of a suppression hearing. We find the appeals moot and dismiss.

The relevant factual and procedural history may be summarized as follows. Robert Dorler, Sr. was arrested and charged with criminal homicide and conspiracy with respect to an alleged contract killing. The defendant moved to suppress certain evidence and to close the suppression hearing. The defendant's motion for closure was joined by the Commonwealth.

On September 22, 1989, a hearing was held to determine whether the suppression hearing should be closed to prevent prejudicial pre-trial publicity. Intervenors/appellants

("appellants"), The Jet Broadcasting Co., Times Publishing Co. and Keystone Broadcasting Co., were deemed to have standing and actively opposed the motion to close the suppression hearing. The trial court entertained argument from both the defendant and appellants, and thereafter entered a limited closure order which denied public access to the suppression hearing and precluded photography in the court environs during the proceedings.

Appellants immediately sought a stay of the closure order. The trial court denied the motion for a stay of the closure order and thereafter conducted the closed suppression hearing as scheduled.

Three days later, on September 25, 1989, appellants filed the instant appeal of the trial court's closure order with this Court. Two days after that, on September 27, 1989, appellants filed a motion with this Court to stay the remainder of the proceedings in the trial court. That stay was denied by this Court. Subsequently, the suppression motion was denied by the trial court, and the full transcript of that hearing was disclosed to the public following the selection of a jury. A jury thereafter found the defendant guilty of murder.

In this appeal, appellants raise essentially two issues for our consideration: 1) whether the trial court erred in closing the suppression hearing; and 2) whether the trial court erred in precluding photography in the court environs during the trial. We do not reach the merit of these issues, however, because we reject appellants' underlying contention that this appeal is not moot.

As this Court has previously recognized,

> "[C]ases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome...."

*In re Gross,* 476 Pa. 203, 209, 382 A.2d 116, 119 (1978), *quoting* G. Gunther, *Constitutional Law* 1578 (9th ed. 1975). The appellate courts of this Commonwealth will not decide moot or abstract questions, *In re Gross, supra; Ridley Park Shopping Center, Inc. v. Sun Ray Drug Co.,* 407 Pa. 230, 180 A.2d 1 (1962); *Wortex Mills v. Textile Workers,* 369 Pa. 359, 85 A.2d 851 (1952)[.]

*Graziano Construction Co., Inc. v. Lee,* 298 Pa.Super. 311, 316, 444 A.2d 1190, 1193 (1982). However, an appeal is not moot if capable of repetition, yet evading review. *See Gannett Co. v. DePasquale,* 443 U.S. 368, 377, 99 S.Ct. 2898, 2904, 61 L.Ed.2d 608, 620 (1979); *Nebraska Press Association v. Stuart,* 427 U.S. 539, 546–47, 96 S.Ct. 2791, 2797, 49 L.Ed.2d 683, 690 (1976); *Devlin v. Osser,* 434 Pa. 408, 254 A.2d 303 (1969).

Unquestionably, the questions presented in this appeal are moot. The precise relief appellants seek instantly, *i.e.,* overturning the closure order, cannot be granted at this point. The closed suppression hearing has been conducted, the trial is now complete, and the effect of the closure order cannot now be undone.

Moreover, in light of the specific mode of review provided for such appeals in Pennsylvania, the issues presented by appellants in the instant appeal are not capable of repetition yet evading review. Here, appellants successfully intervened and unsuccessfully argued to the trial court that the suppression hearing should remain open. After that, appellants requested the trial court to stay only the *closure order.* N.T. 9/22/89 at 26.[1] When that request was denied, appellants sought no further relief in the trial court but instead waited until after the suppression hearing was

1. We note that appellants' decision to request only a stay of the *closure order* is somewhat perplexing. To have granted a stay of only the closure order would have been the equivalent of a *summary reversal,* since it would have had the effect of requiring the hearing to be held in public. *See United States v. Cianfrani,* 573 F.2d 835, 846 (3d Cir.1978). It is not surprising, therefore, that the trial court failed to grant this request.

completed to ask *this Court* for a stay of the *remainder of the proceedings.* Other relief was available.

In *Capital Cities Media v. Toole,* 506 Pa. 12, 483 A.2d 1339 (1984), our Supreme Court unanimously explained:

We recognize the legitimacy and importance of the interest of the news media in judicial proceedings. The media's right of expression must necessarily include the right to be heard when that interest is adversely affected. *In Pennsylvania there is a procedure for obtaining expedited review which affords complete relief where an alleged abridgment of the rights of the media is at issue.*

The first step in this procedure would have been for the applicants to petition the trial court to intervene for the purpose of challenging the legality of the pre-trial orders. Such an action is in accordance with our well-established and strongly held view that it is essential to meaningful judicial review that objections should be addressed to the court of first instance to permit that court to evaluate such claims and to have the opportunity to correct its own errors. This practice creates a record from which the grounds of the lower court's determination may be readily discerned in the event review by an appellate court becomes necessary. An order denying leave to intervene in these sensitive circumstances is immediately appealable.

*If the applicants had successfully intervened, they would have been in a position to seek a stay from the trial court pending an appeal in the event relief was denied. See* Pa.R.A.P. 1732(a). The denial of such temporary relief would be subject to immediate review. *See* Pa.R.A.P. 1732.

The course open to a media petitioner upon the denial of relief in the trial court is exemplified in *Commonwealth v. Hayes,* [489 Pa. 419, 414 A.2d 318 (1980), *cert. denied* 449 U.S. 992, 101 S.Ct. 528, 66 L.Ed.2d 289 (1980).] There, the petitioners, having unsuccessfully pursued the avenues described above, asked this Court to exercise its

plenary jurisdiction over the ongoing criminal prosecution and stay proceedings pending our review. Both requests were granted and the petitioners ultimately prevailed. *It is important to stress that such a procedure is available to obtain a prompt, direct adjudication of a constitutional claim by the state's highest court, bypassing the intermediate appellate court which ordinarily has jurisdiction of the vast majority of appeals from orders of the court of common pleas.*

We are sensitive to the public importance of claims involving the right of the press to report on judicial proceedings and are aware of the danger that relegation of such claims to the ordinary avenues of appeal may effectively prevent meaningful review and the vindication of the rights asserted. Nevertheless, *effective review requires the observance of orderly procedures designed to fully ventilate the issues.* In this respect the remedy outlined above is not only *adequate* but *highly preferable.*

483 A.2d at 1343–44. (Emphasis added).

As the foregoing plainly establishes, media appeals in press access cases need not and indeed ought not wait until the issues raised are rendered merely hypothetical and the ruling sought wholly advisory. A procedure exists in Pennsylvania which affords parties seeking review of such orders the opportunity to do so before the claims become moot.

Instantly, after the closure order had been entered by the trial court, appellants did not avail themselves of the opportunity envisioned in *Capital Cities, supra.* Once appellants had successfully intervened, appellants could have *requested the trial court to stay the proceedings. See id.* (citing Pa.R.A.P. 1732(a)). Had the trial court granted a request to stay the proceedings, the avenue of relief pursued in *Commonwealth v. Hayes, supra,* in which the intervenors brought their claim directly to the Supreme Court, would have been available. If the trial court had denied a request to stay the proceedings, appellants could have sought an *emergency* appeal of the refusal to grant such temporary

relief in this Court under Pa.R.A.P. 1732(a). *See Capital Cities, supra,* 483 A.2d at 1343 (citing Pa.R.A.P. 1732). In the unlikely event that the trial court refused to delay the proceedings long enough to request an emergency appeal in this Court, the issues appellants seek to have reviewed instantly would have been truly capable of evading review.[2]

We conclude, therefore, that appellants failure to ask the trial court to stay the proceedings before the order sought to be reviewed ceased to have any practical effect rendered any subsequent challenge to the order moot. *See Graziano Construction Co., Inc. v. Lee, supra; Commonwealth v. One 1978 Lincoln Mark V,* 52 Pa.Cmwlth. 353, 415 A.2d 1000 (1980). A method to seek review of the instant claim before it became academic existed, and appellants did not avail themselves of it. Under these circumstances, we find the instant appeal to be moot and decline to address the issues belatedly raised herein.

Appeals dismissed.

TAMILIA, J., concurs in the result.

**2.** We note that appellants' request that *this Court* stay the proceedings was both improper and untimely. First, it is clear that a request for a stay in the proceedings must originate in the trial court, not an appellate court. Pa.R.A.P. 1732(a). Any initial request in this Court to stay the proceedings was therefore inappropriate. Moreover, because appellants waited to ask this Court to stay the proceedings until five days after the suppression hearing had been conducted, only that portion of the closure order which affected post-suppression hearing proceedings could have been delayed pending our review. Any perceived error in our denial of the improper request for a stay could have thereafter been addressed to the Supreme Court under Pa.R.A.P. 3315. Appellants' failure to request a stay of the proceedings in the trial court or to seek any subsequent review in the Supreme Court, therefore, effectively foreclosed any opportunity to have any portion of the closure order reviewed before the order was to be a fait accompli.