636 A.2d 1138

**Burton ROSENFIELD, Appellant**

v.

**PENNSYLVANIA AUTOMOBILE INSURANCE PLAN.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1993.

Filed Jan. 27, 1994.

384

Malcolm H. Waldron, Jr., Philadelphia, for appellant.

Mary Ellen Krober, Philadelphia, for appellee.

Before CIRILLO, FORD ELLIOTT and BROSKY, JJ.

BROSKY, Judge.

Burton Rosenfield appeals from the June 15, 1993 trial court order granting defendant-appellee Pennsylvania Automobile Insurance Plan's ("The Plan") motion for summary judgment, "finding that the litigation that is the subject of this action for malicious use of process did not end with a termination favorable to ... plaintiff [-appellant]." That same day, the trial court entered judgment in favor of The Plan.[1]

In March, 1985 appellant was President of the Temple Insurance Agency, a Pennsylvania corporation, and Temple Premium Finance Agency, a New Jersey Corporation. Temple Insurance Agency acted as a broker, for high-risk insureds, subject to the rules of appellee Pennsylvania Automobile Insurance Plan. The Plan was created, pursuant to 75 Pa.C.S. § 1741 *et seq.* and § 1751 *et seq.*, to provide an "Assigned Risk Plan for the equitable apportionment among those insurers of applicants for motor vehicle liability insurance who are entitled to, but are unable to, procure insurance through ordinary means." 75 Pa.C.S. § 1741. Pursuant to The Plan, "all motor vehicle liability insurers shall subscribe thereto and shall participate in the plan." *Id.* On March 7, 1985 The Plan filed an equity action against appellant, Temple Insurance Agency and Temple Premium Finance Company, alleging that appellant and his two corporations were violating rules of The Plan. The Plan asked for injunctive relief, asking that "a judgment be entered in favor of the Plan, granting a

---

1. Appellant mistakenly asserts that his appeal is from the judgment entered. The appeal is from the trial court order granting The Plan's motion for summary judgment and we will treat it as such. Pa.R.A.P. 905(a).

preliminary and permanent injunction restraining, enjoining, staying and prohibiting" appellant and his corporations from violating enumerated rules of The Plan. The Plan's Complaint In Equity, 3/7/85, at par. 24. In September, 1985 appellant and his corporations filed an answer and averred that they were not violating any rules of The Plan. The case never proceeded to trial. By March, 1986 Temple Insurance and Temple Premium Finance had ceased accepting any new insurance applications or financing applications (i.e., they were no longer in the automobile insurance business or premium financing business), and, hence, no longer subject to the rules of The Plan. The Plan believed that its lawsuit had become moot, and, therefore, on November 5, 1987 it filed a praecipe for voluntary discontinuance, requesting that the trial court "Please mark this action voluntarily discontinued, without prejudice, upon payment of your costs only." The trial court granted the relief requested.

In October, 1988 appellant filed a complaint against The Plan, alleging that it engaged in a wrongful use of civil proceedings (42 Pa.C.S. § 8351) when it filed the presently discontinued lawsuit against appellant. The Plan filed preliminary objections to appellant's complaint, alleging that the voluntary discontinuance of its lawsuit against appellant did "not constitute a termination in favor of" appellant; hence, appellant's claim should "be dismissed for failure to state a cause of action for malicious prosecution." The Plan's Preliminary Objections to Appellant's Complaint, 12/28/88, at par. 5. On July 20, 1989 the trial court denied the Plan's preliminary objections; the trial court did not issue an opinion.

The Plan then deposed appellant and conducted other discovery; on March 8, 1993 it filed a motion for summary judgment, alleging that its lawsuit against appellant did not terminate in appellant's favor, and, hence, there were no genuine issues of material fact regarding appellant's lawsuit. On June 15, 1993 the trial court granted The Plan's motion for summary judgment, finding that The Plan's lawsuit against

appellant did not terminate in appellant's favor. The instant appeal followed.

Appellant's statement of questions involved is as follows:

1. In plaintiff [-appellant's] suit for wrongful use of civil proceedings, did the court err in ruling that it is not a disputed issue of fact as to whether or not the underlying civil action terminated in favor of plaintiff herein?

2. In plaintiff's suit for wrongful use of civil proceedings, did the court err in finding that it was not a disputed issue of fact as to whether or not the underlying civil action terminated in favor or plaintiff herein, when a judge of coordinate jurisdiction, sitting in the same court and in the same case, ruled that it was an issue of fact?

Appellant's Brief at 4. We affirm the order of the trial court.

Our Court stated in *Burman v. Golay and Co., Inc.*, 420 Pa.Super. 209, 616 A.2d 657 (1992),

A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the court's conclusion that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035. (entire record before lower court must be examined and all doubts as to the existence of an issue of material fact are to be resolved against a grant of summary judgment). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party's pleadings, and give to him the benefit of all reasonable inferences to be drawn therefrom. We will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. [Citations omitted.]

*Id.* at 212, 616 A.2d at 658–59.

■ Our Court stated in *Rosen v. American Bank of Rolla*, 426 Pa.Super. 376, 627 A.2d 190 (1993),

Wrongful use of civil proceedings is a tort which arises when a party institutes a lawsuit with a malicious motive and lacking probable cause. In this Commonwealth, the tort has been codified at 42 Pa.C.S. § 8351 as follows:

§ 8351. *Wrongful Use of Civil Proceedings.*

(a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and,

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) Arrest or seizure of person or property not required.— The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.

*Id.* at 378, 627 A.2d at 191–92. Hence, in order to recover under the statute a plaintiff must prove (1) that the underlying proceedings terminated favorably to the plaintiff; (2) that the defendant caused those proceedings to be instituted without probable cause; and, (3) malice. *Id.*

■ Appellant first claims that the trial court erred in granting The Plan's motion for summary judgment since there existed a factual issue as to whether The Plan's voluntary discontinuance constituted termination in favor of appellant. However, we note that appellant did not contest The Plan's averment that it voluntarily terminated the lawsuit since subsequent to the filing of the lawsuit appellant effectively ceased participation in the automobile insurance business and was no longer subject to the rules of The Plan, and, therefore, the lawsuit was moot (The Plan's lawsuit asked for injunctive relief in the form of restraining appellant from violating the rules of The Plan); once appellant was no longer subject to the rules of The Plan, there was no need for the injunctive relief. Accordingly, there was no issue for the trial court to address at that point, and, an appellate court will not decide moot or abstract questions. *Commonwealth v. Dorler,* 403 Pa.Super. 150, 588 A.2d 525 (1991).

 Pennsylvania law regarding the wrongful use of civil proceedings is in conformity with the Restatement of Torts, Second, § 674. *Shaffer v. Stewart,* 326 Pa.Super. 135, 473 A.2d 1017 (1984). Comment h. to § 674 states that functions of the court and jury are similar to those found in § 673 (relating to malicious prosecution in a criminal case), which states "in an action for malicious prosecution the court determines whether . . . the proceedings were terminated in favor of the plaintiff." Restatement of Torts, Second, § 673(1)(b). Hence, in the instant case the trial court properly determined whether The Plan's voluntary discontinuance resulted in a termination favorable to appellant. Comment j. of § 674 also states, "Whether withdrawal or an abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought . . . depends on the circumstances under which the proceedings are withdrawn." *Id.* Comment j. refers to §§ 660 and 661, which state that withdrawals of proceedings as a result of compromise or agreement, or, the impossibility of bringing an accused to trial, do not constitute a termination favorable to the party against whom proceedings have been brought. *Id.* If this is the case then surely a voluntary discontinuance obtained by a plaintiff, occasioned by the mootness of the issues raised by that plaintiff, does not constitute a termination favorable to the party who subsequently initiates an action for wrongful use of civil proceedings. *Shaffer v. Stewart, supra;* Restatement of Torts, Second, §§ 660, 661, 673(1)(b), 674 (Comments h. and j.). Accordingly, the instant issue of whether the voluntary discontinuance constituted a termination favorable to appellant was to be decided by the trial court. Since issues raised in the Plan's lawsuit had become moot the trial court properly granted the voluntary discontinuance of the lawsuit. Since appellant admitted that The Plan's lawsuit had become moot, and mootness, like the impossibility of bringing an accused to trial, which occasions a voluntary withdrawal, can not constitute a termination in favor of the party against whom a lawsuit is brought, the trial court properly determined that there were no factual issues to be determined regarding appellant's action for wrongful use of civil proceedings (appellant could not meet

the first prong of the requirements by showing that the voluntary discontinuance resulted in a termination favorable to him). Therefore, the trial court properly granted The Plan's motion for summary judgment and appellant's first issue is without merit.

▪ Appellant's second issue is that the instant trial court order (granting The Plan's motion for summary judgment) determining that the voluntary discontinuance did not result in a termination favorable to appellant is contrary to the trial court's order of July 20, 1989 (denying The Plan's preliminary objections to appellant's lawsuit for wrongful use of civil proceedings; said preliminary objections were based upon the fact that the voluntary withdrawal did not result in a termination favorable to appellant; in the July 20, 1989 order the trial court did not state the reasons that it failed to grant the preliminary objections).[2]

We first note that the motion for summary judgment was filed four years after the denial of the preliminary objections. In the intervening time period appellant had been deposed and further discovery had been conducted.

▪ Ordinarily, a trial judge should not place himself or herself in a position to overrule a decision by another judge of the same court in the same case. *Solcar Equip. v. Pa. Manufacturers' Assn.*, 414 Pa.Super. 110, 606 A.2d 522 (1992); *Salerno v. Philadelphia Newspapers*, 377 Pa.Super. 83, 546 A.2d 1168 (1988). However, this rule is not intended to preclude granting summary judgment following the denial of preliminary objections. *Id.* This is especially true if the preliminary objections were denied without an opinion. *Id.* When reviewing preliminary objections the trial court looks to the pleadings, but, in considering a motion for summary judgment the trial court weighs the pleadings, depositions, answers to interrogatories, admissions and affidavits. *Id.* There is no reason to fail to grant a motion for summary judgment if the record warrants such action. *Id.* In the

2. One Common Pleas Court judge denied the preliminary objections and another granted the motion for summary judgment.

instant case the trial judge who considered the motion for summary judgment was provided with a more current and wider array of documents upon which to base her decision that was the trial judge who considered The Plan's preliminary objections. Furthermore, the instant record supported the granting of the motion for summary judgment (*See* our analysis of appellant's issue number one, *supra*). Under these circumstances, the trial court properly granted The Plan's motion for summary judgment. Accordingly, appellant's second issue is without merit.

Order affirmed.