IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andrew Ioannidis,                          :
                                           :
                    Petitioner             :
                                           :
          v.                               : No. 635 M.D. 2020
                                           : Argued: June 7, 2021
Tom Wolf, in his official capacity         :
as Governor of the Commonwealth of         :
Pennsylvania and Veronica                  :
Degraffenreid, in her official capacity    :
as Acting Secretary of the                 :
Commonwealth of Pennsylvania,              :
                                           :
                    Respondents            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: July 8, 2021


          Before the Court is the Application for Summary Relief in the Form of

a Motion to Dismiss Amended Petition for Review as Moot (Application to Dismiss)

and Preliminary Objections to Amended Petition for Review (POs) of Tom Wolf, in

his official capacity as Governor of the Commonwealth of Pennsylvania (Governor),

and Veronica Degraffenreid, in her official capacity as Acting Secretary of the

Commonwealth of Pennsylvania (Secretary) (collectively, Respondents), to the

Amended Petition for Review in the Nature of a Petition and Complaint in Equity

(Petition) filed by Andrew Ioannidis (Petitioner) in our original jurisdiction seeking

declarative and injunctive relief, and an audit and recount of the results of the

November 3, 2020 General Election (2020 General Election) relating to the election of electors of President and Vice-President of the United States. We grant the Application to Dismiss, dismiss the Amended Petition as moot, and overrule the POs as moot.

On December 6, 2020, Petitioner filed a Petition for Review in the Nature of a Petition for Preliminary Injunctive Relief, Writ of Mandamus, and Declaratory Judgment (12/6/20 Petition) in our original jurisdiction, asking this Court "to immediately enter an Order Declaring the 2020 General Election to be contested;" to order "an immediate hearing to establish an expedited discovery schedule;" to issue "a writ of mandamus in his favor and against Respondents compelling Respondents to decertify the 2020 General Election results and compelling the Respondents to conduct a full audit and recount whereby only the legal votes are counted;" and to issue an "injunction that prohibits [] Respondents from taking official action to tabulate, compute, canvass, certify, or otherwise finalize the results of the [2020 General] Election as to the federal offices" under the relevant enumerated provisions of the Pennsylvania Election Code (Election Code).[1] 12/6/20 Petition at 8-9.

On December 10, 2020, Petitioner filed an Amended Petition for Review in the Nature of a Petition for a Writ of Mandamus and Request for Preliminary and Permanent Injunctive Relief (12/10/20 Amended Petition) in our original jurisdiction, asking this Court to "issue a Writ of Mandamus directing [the Governor] to withdraw the certification of the 2020 [General Election];" "to withdraw the certificates of election issued to the Democratic electors as a result thereof;" to direct[ the Secretary] to satisfy her duties under the Election Code and

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§2600-3591.

2

conduct a full audit of the 2020 General Election whereby only the legal votes are counted;" and to issue preliminary and permanent injunctions "to prevent the substantial injury and immediate and irreparable harm that Petitioner would suffer if Respondents are permitted to violate the laws of the Commonwealth of Pennsylvania and the United States Constitution" based on "their obligation to enforce and comply with" the Election Code. 12/10/20 Amended Petition at 7-8.

On December 11, 2020, Petitioner filed an Application for Emergency Writ of Mandamus and for Emergency Preliminary Injunction (12/11/20 Application) asking this Court to "issue an Immediate Emergency Writ of Mandamus directing [the Governor] to withdraw the certification of the 2020 [General Election];" "to withdraw the certificates of election issued to the Democratic electors as a result thereof;" to "preliminarily enjoin [the Secretary] from laying the returns before [the Governor];" to "enjoin[ the Governor] from enumerating and ascertaining the number of votes given for each person so voted for;" to "enjoin[ the Governor] from causing any certificate of election to be delivered to any presidential electors;" and to "immediately schedule a preliminary hearing." 12/11/20 Application at 24-25. By December 14, 2020 order,[2] this Court

---

[2] On December 14, 2020, the Pennsylvania Electors of President and Vice-President of the United States, who were elected in the 2020 General Election, executed the Certificate of Votes for President and Vice-President for Joseph Biden and Kamala Harris, respectively. *See* https://www.archives.gov/files/electoral-college/2020/vote-pennsylvania.pdf (last visited May 28, 2021); Amended Petition ¶¶160, 161 ("[The Governor] signed the Certificate of Ascertainment for the slate of electors for Joseph R. Biden as President and Kamala D. Harris as Vice-President of the United States[, and] Respondents issued certificates of election to Democrat[ic] Presidential Electors."). *See also* U.S. Const. art. II, §1, cl. 2 ("Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress[.]"; U.S. Const. amend. XII ("The Electors shall meet in their respective states and vote by ballot for President and Vice-President [. . .]; they shall name in their ballots the person voted for as President, and in distinct **(Footnote continued on next page…)**

3

denied the 12/11/20 Application based on the reasons set forth by this Court in *Metcalfe v. Wolf* (Pa. Cmwlth., No. 636 M.D. 2020, filed December 9, 2020), for denying the petitioners' emergency motion therein seeking to compel the Governor to withdraw the certification of the results of the 2020 General Election and to withdraw the certificates of election issued to the Democratic Presidential and Vice-Presidential Electors.

Subsequently, Petitioner filed yet another amended petition for review and three additional emergency applications seeking to decertify the results of the 2020 General Election. By January 8, 2021 and February 11, 2021 orders, this Court denied the emergency applications, struck the amended petitions for review, and prohibited Petitioner from filing additional applications for emergency relief or amended petitions for review without leave of court. Nevertheless, in our February 11, 2021 order, this Court directed Respondents to file responsive pleadings to the instant Amended Petition, which was filed on January 19, 2021.

In the 12-count Amended Petition, Petitioner alleges the violation of a number of his constitutional rights with respect to the conduct of the 2020 General Election. As Petitioner explains, in order to vindicate these rights:

> Counts I through X of Petitioner's [Amended Petition] pray for preliminary and permanent injunctive relief, declaratory relief, non-discriminatory investigation and enforcement of violations, an Order requiring

---

ballots the person voted for as Vice-President, and they shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of votes for each, which lists they shall sign and certify, and transmit sealed to the seat of the government of the United States, directed to the President of the Senate[.]"); Electoral Count Act of 1887, 3 U.S.C. §9 ("The electors shall make and sign six certificates of all the votes given by them, each of which certificates shall contain two distinct lists, one of the votes for President and the other of the votes for Vice-President, and shall annex to each of the certificates one of the lists of the electors which shall have been furnished to them by direction of the executive of the State.").

4

Respondents to satisfy their duties under the law; an Order requiring Respondents to effectuate a full audit and recount of Pennsylvania's 2020 Presidential Election, and any other relief provided by law.

Petitioner's Answer and Brief in Opposition to Respondents' Application to Dismiss (Answer) at 12-13. In Count XI, Petitioner asks this Court to "issue a Writ of Mandamus directing [the Governor] to withdraw the certification of the 2020 Presidential election;" directing him "to withdraw the certificates issued to the Democratic electors as a result thereof;" and to "direct[ the Secretary] to satisfy her duties under the law and conduct a full audit and recount of the 2020 General Election whereby only legal votes are counted." Amended Petition at 28. Finally, in Count XII, Petitioner asks this Court to issue "[a]n emergency preliminary injunction and permanent injunction [because they] are necessary to prevent immediate and irreparable harm to Petitioner that cannot be compensated by damages" based on the purported improprieties with respect to the conduct of the 2020 General Election. *Id.* at 29.

On February 19, 2021, Respondents filed the Application to Dismiss, asserting, *inter alia*, that Joseph Biden and Kamala Harris were inaugurated as President and Vice-President of the United States on January 20, 2021,[3] and that

> courts have held that election claims, including those requesting injunctive relief, are moot after an inauguration is held. *See Sablosky v. McConnell* [(D.D.C., Civil Action No. 16–2528, filed April 3, 2017), slip op. at 1 n.1] (denying request for injunction as moot because electoral vote was counted and former President Trump's inauguration had been held); *Conant v. Brown*, 248 F. Supp. 3d 1014, 1019 (D. Or. 2017)[, *aff'd*, 726 F. App'x 611 (9th Cir. 2018)] (holding constitutional claims regarding state's processes for voting in presidential

---

[3] *See* U.S. Const. amend. XX, §1 ("The terms of the President and Vice-President shall end at noon on the 20th day of January, . . . and the terms of their successors shall then begin.").

elections were moot because 2016 election had been held); *Newdow v. Bush*, 391 F. Supp. 2d 95, 107 (D.D.C. 2005) (holding constitutional claims with respect to inauguration moot because inauguration had been held).

Application to Dismiss ¶8. Moreover, "Pennsylvania's election results have long since been certified, its electors voted and the Inauguration held. *See Sibley v. Alexander*, 916 F. Supp. 2d 58, 62 (D.C. Cir. 2013) (holding elections claims seeking to enjoin electors from casting their ballots moot after ballots were cast)." *Id.* ¶10. Finally, Respondents assert that "Petitioner's claims are moot for the independent reason that the relief [that he] seeks, even assuming it could be granted, would not change the results of the election." *Id.* ¶11. Specifically, the "final Electoral College votes count was 306 for Joseph Biden and 232 for Donald Trump[, *see* https://www.archives.gov/electoral-college/2020 (last visited May 28, 2021),"] so that "any change in Pennsylvania's 20 electoral votes could not alter the election of President Biden and Vice-President [Harris]." *Id.* (footnote omitted).

In his Answer, Petitioner contends that the instant matter is not moot because this matter is not an election contest as he "is not alleging violations of the Election Code" but, rather, "Petitioner has unequivocally invoked the First and Fourteenth Amendments to the United States Constitution and alleged violations thereof," "and in respect to Petitioner's Count in Mandamus, whether Respondents' conduct was arbitrary, fraudulent, or based on a mistaken view of the law." Answer at 3, 4. In support, in the Amended Petition, Petitioner set forth specific allegations[4]

---

[4] As this Court has explained:

> Pennsylvania is a fact-pleading state and [Pa. R.C.P. No.] 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Specifically, a plaintiff is required "to plead all the facts that he must prove in order to achieve recovery on the alleged cause of action."

**(Footnote continued on next page…)**

6

relating to the conduct of the 2020 General Election through which his foregoing constitutional rights were purportedly abridged. *See* Amended Petition at 4-15, 15-16, 16-17, 17-18, 19, 20, 21-22, 23, 24, 25, 26-27, 28, 29.[5]

Pa. R.A.P. 1972(a)(4) states that "[e]xcept as otherwise prescribed by this rule, subject to Pa. R.A.P. 123 [(relating to filing an application for relief)], any party may move . . . [t]o dismiss for mootness." This Court has observed:

> As a general rule, courts will not decide moot cases. "[A] case is moot if there is no actual case or controversy in existence at all stages of the controversy." As this Court explained[:]
>
>> Mootness problems arise in cases involving litigants who clearly had one or more justiciable matters at the outset of the litigation, but events or changes in the facts or law occur which allegedly deprive the litigant of the necessary stake in the outcome after the suit is underway.
>
> It is well settled that the courts "do not render decisions in the abstract or offer purely advisory opinions." Judicial

---

Legal conclusions and general allegations of wrongdoing, without the requisite specific factual averments or support, fail to meet the pleading standard.

*McCulligan v. Pennsylvania State Police*, 123 A.3d 1136, 1141 (Pa. Cmwlth. 2015) (citations omitted).

[5] Petitioner first raised the issue regarding the constitutionality of the Electoral Count Act of 1887, 3 U.S.C. §§5 and 15, in his January 8, 2021 Reply and Application for Leave *Nunc Pro Tunc* relating to one of his emergency applications; therefore, as it was not originally raised in his Amended Petition for Review, it is waived. *See, e.g.*, *Pennsylvania Medical Providers Association v. Foster*, 613 A.2d 51, 53 n.3 (Pa. Cmwlth. 1992) ("We make no ruling regarding whether the regulations are themselves vague or inconsistent with the [Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. §§1701-1799.7,] as petitioners argue in their brief, because petitioners have waived that issue by not amending their petition for review to allege any problem with the regulations.").

7

intervention "is appropriate only where the underlying controversy is real and concrete, rather than abstract."

As with most rules of general application, there are exceptions to the mootness doctrine for circumstances where "(1) the conduct complained of is capable of repetition yet evading review, or (2) involves questions important to the public interest, or (3) will cause one party to suffer some detriment without the Court's decision." Notwithstanding these exceptions, however, we note that "'[c]onstitutional questions are not to be dealt with abstractly.'" This Court, therefore, should be even more reluctant to decide moot questions which raise constitutional issues. Instead, we "prefer to apply the well-settled principles that [courts] should not decide a constitutional question unless absolutely required to do so."

*Costa v. Cortes*, 142 A.3d 1004, 1016-17 (Pa. Cmwlth.), *aff'd*, 145 A.3d 721 (Pa. 2016) (citations omitted). *See also Wortex Mills v. Textile Workers of America*, 85 A.2d 851, 857 (Pa. 1952) ("It is only in very rare cases where exceptional circumstances exist or where matters or questions of great public importance are involved, that this court ever decides moot questions or erects guideposts for future conduct or actions."); *Mistich v. Pennsylvania Board of Probation and Parole*, 863 A.2d 116, 121 (Pa. Cmwlth. 2004) ("'[M]ootness, however it may have come about simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.'") (citation omitted).

Assuming that the allegations contained in the Amended Petition are true, Petitioner may well have asserted a viable claim with respect to the conduct of the 2020 General Election at the inception of this case. However, the subsequent certification of the election results and the inauguration of the new President and

8

Vice-President on January 20, 2021, have rendered any claim moot. *See generally Bognet v. Degraffenreid*, ___ U.S. ___ (U.S., No. 20-740, filed April 19, 2021) ("The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Third Circuit with instructions to dismiss the case as moot. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)."); *Conant*, 248 F. Supp. 3d at 1019 ("I agree with Defendants that the challenges to the 2016 certified election results and ascertainment of electors are moot because that process is complete, the electors have performed their duties, and the President has been inaugurated.").

Because this Court may not grant Petitioner the injunctive or mandamus relief that he requests, the instant matter is deemed to be moot. *See Graziano Construction Company, Inc. v. Lee*, 444 A.2d 1190, 1193 (Pa. Super. 1982)[6] ("[W]e cannot enter judgments or decrees to which effect cannot be given. The rule is that where . . . pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed.") (citations omitted); 18 Standard Pa. Practice 2d §99.7 (2021) ("Mandamus is unavailable where it would be futile or ineffectual by reason of the respondent's inability to comply therewith. Mandamus also will not lie . . . where only a moot question, and no justiciable issue, is presented.") (footnotes omitted).

Moreover, we are not inclined to apply any of the foregoing exceptions to the mootness doctrine in this case because Petitioner failed to avail himself of the statutory remedies provided in the Election Code prior to filing the instant Amended Petition for Review. "[A]n action seeking declaratory judgment is not an optional

---

[6] Although the decisions of the Superior Court are not binding upon this Court, they may serve as persuasive authority. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

substitute for established or available remedies and should not be granted where a more appropriate remedy is available." *Pittsburgh Palisades Park, LLC v. Pennsylvania State Horse Racing Commission*, 844 A.2d 62, 67 (Pa. Cmwlth. 2004) (citation omitted).

With regard to any purported impropriety in the conduct of the 2020 General Election, as alleged in the Amended Petition for Review, this Court has noted:

> To begin, the Pennsylvania Supreme Court has stated that "[o]ur past cases have adhered firmly to the principle that the proper remedies for violations of the Election Code are to be found within the comprehensive legislative framework of the [Election] Code itself." *Brunwasser v. Fields*, 409 A.2d 352, 354 (Pa. 1979). *See also Reese v. County Board of Elections of Lancaster County*, 308 A.2d 154, 158 (Pa. Cmwlth. 1973) ("'[E]lection contest' proceedings are wholly statutory and jurisdiction over the subject matter of an election contest petition must be found in the Pennsylvania Election Code by reference."). Section 1711 of the Election Code, 25 P.S. §3291, identifies five "classes of nominations at primaries and elections of public officers which may be contested in this Commonwealth." 25 P.S. §3291. Relevant here are Class II nominations and elections of electors of President and Vice-President of the United States. *Id.* Significantly, a Class II contest must be commenced by the filing of a petition "within twenty days after the day of the primary or election, as the case may be." Section 1756 of the Election Code, 25 P.S. §3456. Thus, the deadline for filing a Class II contest of the November 3, 2020, General Election was November 23, 2020. Plaintiffs filed their complaint on December 4, 2020, which was 11 days after the statutory deadline. This Court lacks jurisdiction over the contest and, thus, Petitioners cannot prevail on the merits.[2]

\* \* \*

10

² The Election Code contains additional specific procedures and requirements for contesting a Class II election. Relevant here, Section 1731 of the Election Code provides that Class II contests "shall be tried and determined by the court, *upon petition of at least one hundred electors* as hereinafter provided." 25 P.S. §3351 (emphasis added). The petition must be verified by the affidavit of at least five of the petitioners. Section 1757 of the Election Code, 25 P.S. §3457. A bond must be filed in every class of election contest, signed by at least five of the petitioners. Section 1759 of the Election Code, 25 P.S. §3459. Petitioners have satisfied none of these requirements.

*Metcalfe*, slip op. at 2-3 (footnote omitted).[7]

Likewise, in the instant matter, Petitioner utterly failed to avail himself of the foregoing appropriate statutory remedy thereby precluding the grant of the requested declaratory relief.[8] *See, e.g.*, *Commonwealth v. Dorler*, 588 A.2d 525, 528

---

[7] *See* Pa. R.A.P. 126(c) ("A reported single-judge opinion in an election law matter filed after October 1, 2013, may be cited as binding precedent only in an election law matter. All other single-judge opinions, even if reported, shall be cited only for persuasive value and not as binding precedent.").

[8] In a similar circumstance, the Pennsylvania Supreme Court observed:

[T]he questions involved are of a character properly belonging to an election contest, and, had appellants diligently pursued that remedy instead of the present appeals, they probably would have had ample time, between the date of the certification of the nominations, in May, 1924, and the date of the printing of the ballots for the November election, to obtain any relief to which they might be entitled; whereas the time remaining after the present appeals came before us for decision was so short that, even had we returned the record to the court below to pass upon the evidence offered, it would have been physically impossible to have determined the matter in time for the printing of the ballots, and this in itself would warrant us in dismissing the appeal.

*In re Twenty-First Senatorial District Nomination*, 126 A. 566, 568 (Pa. 1924) (citations omitted).

11

(Pa. Super. 1991) ("A method to seek review of the instant claim before it became academic existed, and appellants did not avail themselves of it. Under these circumstances, we find the instant appeal to be moot and decline to address the issues belatedly raised herein.") (citations omitted).

Accordingly, the Application to Dismiss is granted, the Amended Petition is dismissed as moot, and the POs are overruled as moot.

 

 

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Andrew Ioannidis, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 635 M.D. 2020 |
| | : | |
| Tom Wolf, in his official capacity | : | |
| as Governor of the Commonwealth of | : | |
| Pennsylvania and Veronica | : | |
| Degraffenreid, in her official capacity | : | |
| as Acting Secretary of the | : | |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Respondents | : | |

O R D E R

AND NOW, this 8th day of July, 2021, Respondents' Application for Summary Relief in the Form of a Motion to Dismiss Amended Petition for Review as Moot is GRANTED; Petitioner's Amended Petition for Review in the Nature of a Petition and Complaint in Equity is DISMISSED as moot; and Respondents' Preliminary Objections to Amended Petition for Review are OVERRULED as moot.

_____
MICHAEL H. WOJCIK, Judge