J-A15037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BMM NORTH AMERICA, INC. D/B/A/ BMM TESTLABS, TRAVIS FOLEY, AND PETER NIKIPER | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 1458 MDA 2023 |
| PACE-O-MATIC, INC., AND POM OF PENNSYLVANIA, LLC | : : : | |

Appeal from the Order Entered September 18, 2023
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2023-CV-01713

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: AUGUST 16, 2024**

Appellants BMM North America, Inc. d/b/a BMM Testlabs, Travis Foley, and Peter Nikiper (collectively "Appellants") appeal from the September 18, 2023, order entered in the Court of Common Pleas of Dauphin County sustaining the preliminary objections filed by Appellees Pace-O-Matic, Inc., and POM of Pennsylvania, LLC (collectively "Appellees") and dismissing Appellants' complaint with prejudice.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: On March 9, 2023, Appellants filed a civil complaint against Appellees raising a single count of wrongful use of civil proceedings pursuant to the Dragonetti Act, 42

_____

[*] Former Justice specially assigned to the Superior Court.

Pa.C.S.A. §§ 8351-8354. Therein, Appellants averred they are in the business of providing field service, regulatory consulting, and testing to gaming operators. Appellees are in the business of designing, licensing, and distributing software for "Pennsylvania Skill Amusement Device" gaming machines (the "POM Machines") for use in non-casino establishments in Pennsylvania.

Appellants averred that the POM Machines are the subject of several court cases in Pennsylvania involving the seizure of the POM Machines by the Pennsylvania State Police, Bureau of Liquor Control Enforcement.[1] **See** Appellants' Complaint, filed 3/9/23, at 6. Appellants averred that Appellees have paid, and continue to pay, for the defense of the third-party respondents in the POM Machine cases.

Appellants indicated they have been retained as expert witnesses by the Pennsylvania Attorney General's Office, as well as the Office of General Counsel for the Pennsylvania State Police, in the POM Machine cases. In this vein, Appellants authored an expert report regarding the POM Machines (the "BMM Expert Report"), and this report was disclosed to the plaintiffs in the

---

[1]   In their complaint, Appellants cited to the following cases: **POM of Pennsylvania v. Pennsylvania State Police et al.**, No. 503 M.D. 2018 (Pa. Cmwlth. Nov. 20, 2019); **POM of Pennsylvania v PA Department of Revenue and City of Philadelphia**, No. 418 M.D. 2018 (Pa. Cmwlth. Nov. 20, 2019); and **In re: Three Pennsylvania Skill Amusement Devices, One Green Bank Bag Containing $525.00 in U.S. Currency and Seven Receipts**, Docket No. 2022 CV 6333-MD Dauphin County.

POM Machine cases. In the BMM Expert Report, Appellants opined that the POM Machines were more likely considered games of chance akin to a casino slot machine, which cannot be operated without a casino license, as opposed to a game of skill, which may be operated without a casino license in Pennsylvania.

Appellants averred that, on November 8, 2022, Appellees filed a *praecipe* for a writ of summons naming Appellants as defendants in a civil lawsuit in the Court of Common Pleas of Dauphin County (the "underlying action"). Appellants alleged that Appellees filed the underlying action against Appellants to intimidate or otherwise influence Appellants' expert testimony in the POM Machine cases. Appellants noted that, during the underlying action, Appellees sought discovery of information, which was protected by the attorney work product privilege and was otherwise not discoverable in the POM Machine cases. Appellants averred that, "[a]s a result of the increased risk associated with acting as an expert against [Appellees] occasioned by [Appellees] filing and serving the [underlying action], [Appellants] have declined to act as an expert in further cases involving [Appellees]." Appellants' Complaint, filed 3/9/23, at 7.

Appellants noted that, on November 21, 2022, their counsel served Appellees with a "Dragonetti Notice" advising them that the underlying action was frivolous and constituted a wrongful use of civil proceedings. The Dragonetti Notice further advised Appellees that Appellants believed the

underlying action was filed to intimidate Appellants in the ongoing litigation involving the POM Machines, and, thus, if Appellees did not withdraw the underlying action, Appellants would seek recovery of attorneys' fees and costs.

On December 22, 2022, Appellants filed in the underlying action a *praecipe* for rule to file a complaint requesting that Appellees file a complaint within twenty days or suffer a judgment of *non pros.* Appellees did not file a complaint in the underlying action. On January 18, 2023, pursuant to Pa.R.C.P. 237.1, Appellants transmitted to Appellees' attorney a written notice of intent to file a *praecipe* for a judgment of *non pros*.

On February 7, 2023, Appellees filed in the underlying action a *praecipe* to discontinue the matter without prejudice, and on that day, the Prothonotary marked the matter as discontinued without prejudice. On February 9, 2023, upon *praecipe* by Appellants, the Prothonotary entered on the docket a judgment of *non pros* by default for Appellees' failure to file a complaint.

Based on the aforementioned allegations, Appellants claimed that, as it relates to the underlying action, Appellees were liable for the wrongful use of civil proceedings under the Dragonetti Act. In this vein, they averred Appellees took part in the civil proceedings against Appellants, and they were either grossly negligent in taking part in the civil proceedings or acted without probable cause, as well as primarily for a purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim on which

the underlying action was based. Appellants specifically averred that, in filing the underlying action, Appellees acted primarily for the purpose of intimidating or otherwise influencing Appellants' testimony in the POM Machine cases.

Furthermore, Appellants alleged the underlying action was terminated in favor of Appellants. They also alleged that, as a proximate cause of Appellees initiating the underlying action, Appellants suffered damages, including attorneys' fees, costs, and expenses to defend themselves in the underlying action. They alleged they were damaged because they were "forced to forego further opportunities to act as an expert witness against [Appellees] and/or other parties similarly situated in other cases." *Id.* at 10. Finally, Appellants sought punitive damages against Appellees on the basis Appellees' conduct in initiating and/or continuing the underlying action was outrageous.

On April 21, 2023, Appellees filed preliminary objections to Appellants' complaint seeking dismissal of the complaint on the basis that Appellants failed to attach documents upon which the Dragonetti Act claim is based and/or the complaint failed to set forth a claim upon which relief may be granted (a demurrer). In the first count of the preliminary objections, regarding the failure to attach certain documents or conform to rules of court, Appellees alleged that, although Appellants averred that they were retained as experts in the POM Machine cases, Appellants failed to attach to their complaint either a copy of the retainer agreements or a copy of the BMM

Expert Report. They also alleged that, regarding the underlying action, Appellants failed to attach to their complaint the *praecipe* for a writ of summons, the *praecipe* for a rule to file a complaint, the *praecipe* for a judgment of *non pros*, or the *praecipe* to discontinue.

Appellees averred that each of the missing documents set forth *supra* formed the basis for Appellants' Dragonetti Act claim. Specifically, Appellees averred:

> [Appellants] claim the writ action in the underlying action is the civil proceedings upon which the present claim is based; they claim the writ of summons was intended to unlawfully harass them for issuing the BMM Expert Report and related testimony; they claim they had a business relationship with the Commonwealth and would have had more business but for the writ action; and they claim the writ action was terminated in their favor. [Appellants'] failure to attach the above-referenced [documents] upon which their claim is based is grounds to dismiss the complaint…under Rule 1028(a)(2) of the Pennsylvania Rules of Civil Procedure.

Appellees' Preliminary Objections, filed 4/21/23, at 6 (citations to record and paragraph number omitted).

In the second count of the preliminary objections, demurrer-failure to plead a favorable termination, Appellees claimed Appellants' complaint was legally insufficient since, to successfully plead a Dragonetti Act claim, a plaintiff must allege the prior civil proceeding upon which the statutory claim is based terminated in favor of the person against whom the proceeding was brought; however, in the case *sub judice*, the underlying action did not terminate in favor of Appellants. Appellees averred the underlying action

ended upon Appellees' voluntary discontinuance of the case without prejudice.

Appellees note Appellants' judgment of *non pros* was entered on the docket

after Appellees voluntarily discontinued the case without prejudice. Thus,

Appellees alleged that Appellants' Dragonetti Act claim fails as a matter of law

and should be dismissed under Pa.R.C.P. 1028(a)(4).

In the third count of the preliminary objections, demurrer-failure to

plead an actionable civil proceeding, Appellees claimed that Appellants'

complaint was legally insufficient since

> a civil action under the Dragonetti Act requires that the prior "civil
> proceedings" upon which it is based contains a "claim"; however,
> an action commenced by a writ of summons-as opposed to a
> complaint-does not contain any "claim," so it cannot serve as the
> basis for a Dragonetti Act claim.

Appellees' Preliminary Objections, filed 4/21/23, at 8-9.

Appellees further asserted that a writ of summons is not a recognized

pleading under the Rules of Civil Procedure, and no defaults can be taken from

a defendant's failure to respond to a writ of summons. They contended that

"in short, a writ of summons does not—and cannot—contain a 'claim';

consequently, an action commenced by such a writ is not a 'civil proceeding'

upon which a Dragonetti Act claim can be based." *Id.* Accordingly, since

Appellants' Dragonetti Act claim is based entirely on the writ of summons filed

in the underling action, Appellees averred that Appellants could not

demonstrate a "civil proceeding" underlying the Dragonetti Act claim.

Consequently, they argued Appellants' Dragonetti Act claim fails as a matter of law and should be dismissed under Pa.R.C.P. 1028(a)(4).

On May 15, 2023, Appellants filed a reply in opposition to Appellees' preliminary objections. Both parties filed briefs in support of their respective positions. By order and opinion filed on September 18, 2023, the trial court sustained Appellees' preliminary objections and dismissed Appellants' complaint in its entirety with prejudice. On October 18, 2023, Appellants filed a timely notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellants set forth the following issues in their "Statement of the Questions Involved" (verbatim):

> 1. Whether the trial court erred as a matter of law by sustaining the Preliminary Objections and dismissing the Complaint when Appellants/Plaintiffs had sufficiently plead (*sic*) valid causes of action?
>
> 2. Whether the trial court erred as a matter of law by holding that no claim has been asserted, and, therefore, no violation of the Dragonetti Act occurred, even though the Dragonetti Act applies to all proceedings not just the assertion of a claim?
>
> 3. Whether the trial court erred as a matter of law by holding that it was impossible to determine if [Appellees] had probable cause to initiate the underlying writ of summons action because a complaint was never filed, and [Appellees] never asserted any claims?
>
> 4. Whether the trial court erred as a matter of law by holding that Appellants/Plaintiffs did not plead "favorable termination" under the Dragonetti Act because [Appellees] filed a *Praecipe* to Discontinue even in light of the entry of a Judgment of *Non Pros* against [Appellees] in the underlying writ of summons action?
>
> 5. Whether the trial court erred as a matter of law by holding that the witness immunity doctrine did not shield Appellants/Plaintiffs, as expert witnesses for the Commonwealth

of Pennsylvania, from civil liability in an action by an opposing party in the underlying writ of summons action?

Appellants' Brief at 10-12 (suggested answers omitted).

Preliminarily, we note that we review an order sustaining preliminary objections seeking dismissal of an action *de novo*.

> Our standard of review of an order of the trial court [ruling on] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Fiedler v. Spencer*, 231 A.3d 831, 835-36 (Pa.Super. 2020) (citations omitted). *See Lundy v. Manchel*, 865 A.2d 850, 856 (Pa.Super. 2004) ("In assessing the propriety of the trial court's decision to sustain preliminary objections, we examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven.") (citation omitted)).

This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the preliminary objections will result in the denial of a claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt. *Hill v. Ofalt*, 85 A.3d 540, 547-48 (Pa.Super. 2014).

Relevantly, the Dragonetti Act codifies the tort of wrongful use of civil proceedings, which "arises when a party institutes a lawsuit with a malicious motive and lacking probable cause." *Werner v. Plater-Zyberk*, 799 A.2d 776, 785 (Pa.Super. 2002). The Act provides as follows:

> (a) Elements of action. - A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) he acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) the proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351(a)(1)-(2).

Pursuant to the Dragonetti Act, the plaintiff has the burden of proving that:

> (1) The defendant has procured, initiated or continued the civil proceedings against him.
>
> (2) The proceedings were terminated in his favor.
>
> (3) The defendant did not have probable cause for his action.

(4) The primary purpose for which the proceedings were brought was not that of securing the proper discovery, joinder of parties or adjudication of the claim on which the proceedings were based.

(5) The plaintiff has suffered damages as set forth in section 8353 (relating to damages).

42 Pa.C.S.A. § 8354.

Appellants contend the trial court erred in sustaining Appellees' preliminary objections on the basis that Appellants failed to state facts legally sufficient to establish a cause of action for wrongful use of civil proceedings pursuant to the Dragonetti Act. In this vein, in their fourth issue, which we find dispositive, Appellants contend the trial court erred in holding the underlying action was not terminated in their favor.

Specifically, Appellants aver that, after Appellees failed to file a complaint, upon *praecipe* by Appellants, the Prothonotary entered a judgment of *non pros* against Appellees in the underlying action on February 9, 2023. Appellants admit Appellees filed a *praecipe* to discontinue the matter without prejudice on February 7, 2023; however, they claim Appellees filed the *praecipe* to discontinue only after they had been notified that Appellants planned to seek a judgment of *non pros*.

Appellants' issue pertains to whether they sufficiently pled the requirement of Subsection 8351(a)(2), *i.e.*, whether the underlying action was terminated in favor of Appellants for purposes of the Dragonetti Act. "The determinative question in the instant case revolves around an interpretation of [Subsection] 8351(a)(2) of the Dragonetti Act. Questions of statutory

construction are questions of law; therefore, our review is *de novo*." **The Betts Industries, Inc. v. Heelan**, 33 A.3d 1262, 1265 (Pa.Super. 2011) (citation omitted).

This Court has held that "[w]hether withdrawal or abandonment constitutes a final termination of the case in favor of the person against whom the proceedings are brought…depends on the circumstances under which the proceedings are withdrawn." **Rosenfield v. Pennsylvania Auto. Ins. Plan**, 636 A.2d 1138, 1142 (Pa.Super. 1994) (quotation omitted). **See Bannar v. Miller**, 701 A.2d 242, 248 (Pa.Super. 1997) (holding that prior lawsuit withdrawn on the eve of trial was a "last-second dismissal in the face of imminent defeat").

> Although the initiation of a lawsuit is one element of the cause of action, the cause of action does not accrue until all the requirements have been met which includes obtaining a favorable outcome. [A plaintiff's] [Dragonetti] cause of action d[oes] not accrue until such time as he successfully defeat[s] the [defendant] in his attempts to have the [plaintiff] held legally liable. This does not occur until the lawsuit is resolved in the trial court and is final, meaning that [said resolution] has been upheld by the highest appellate court having jurisdiction over the case or that the [resolution] has not been appealed.

**Clausi v. Stuck**, 74 A.3d 242, 247 (Pa.Super. 2013) (quotation marks and quotations omitted).

Here, in concluding Appellants would be unable to prove facts legally sufficient to establish that the underlying action terminated in their favor, the trial court relevantly indicated the following:

> [Appellees] argue, among other things, that [Appellants] cannot state a claim for a violation of the Dragonetti Act because they cannot show that the underlying action terminated in their favor.
>
> ***
>
> In the instant matter, [Appellees] filed a *praecipe* to discontinue the underlying action without prejudice before they even filed a complaint. Initially, there is a question as to whether the underlying action has been terminated at all, much less in favor of [Appellants]. Specifically, the fact that the underlying action was discontinued without prejudice means that [Appellees] could reinstate the action against [Appellants] at any time. As such, the underlying action has not been finally terminated, and [Appellants] cannot state a claim for violation of the Dragonetti Act.
>
> Even if a *praecipe* to discontinue without prejudice did constitute a final termination, there is still a question of whether the action terminated in favor of [Appellants]. The only filings in this case are the *praecipe* for writ of summons filed by [Appellees], a rule to file a complaint filed by [Appellants], and a *praecipe* to discontinue without prejudice filed by [Appellees].[2]
>
> ---
> [2] There is also a *praecipe* for judgment *non pros* on the docket, but it was filed after the underlying action was marked as discontinued.
> ---
>
> The [Appellees] never even filed a complaint. With so few filings and no complaint, the *praecipe* to discontinue that was filed by [Appellees] cannot constitute a "last-second dismissal in the face of imminent defeat." Therefore, under these circumstances, [the trial court does] not believe that the underlying action was terminated in [Appellants'] favor, and they cannot state a claim for violation of the Dragonetti Act.

Trial Court Opinion, filed September 18, 2023, at 3-5 (unnecessary capitalization omitted).

In the case *sub judice*, the trial court concluded that Subsection 8351(a)(2) of Appellants' Dragonetti Act claim was not established by the pleadings. We agree with that assessment. In ***D'Elia v. Folino***, 933 A.2d

117 (Pa.Super. 2007), this Court examined the element of "favorable termination" in the context of a Dragonetti Act claim. Specifically, in **D'Elia**, we held that in a situation where there was a voluntary discontinuance by agreement, and, thus, the liability of the Dragonetti Act plaintiff in the underlying case was not ruled upon, the Dragonetti Act plaintiff is not considered victorious in the underlying litigation. **See D'Elia**, **supra**.

Since the announcement of our decision in **D'Elia**, we have held specifically that, unless the voluntary withdrawal of the prior case was "tantamount to [an] unbidden abandonment of a claim brought in bad faith," the discontinuance of the underlying action does not constitute a favorable termination in favor of the Dragonetti Act plaintiff. **See Majorsky v. Douglas**, 58 A.3d 1250, 1270 (Pa.Super. 2012); **Rosenfield**, **supra** (holding previous litigation was voluntarily discontinued after it became moot and before determination of liability of the Dragonetti Act plaintiff; therefore, it was not terminated in favor of the Dragonetti Act plaintiff).

In the present matter, the pleadings established that Appellees were not faced with imminent defeat when they voluntarily discontinued the underlying action on February 7, 2023. To the contrary, the litigation was in the very preliminary stages. Further, Appellants' attempt to enter a judgment of *non pros* occurred on February 9, 2023, after Appellees had already voluntarily discontinued the underlying action without prejudice.

Finally, citing to **Banner**, **supra**, Appellants suggest that Appellees' voluntary discontinuance of the underlying action tended to show they abandoned a claim brought in bad faith such that the discontinuance was tantamount to a termination in Appellants' favor. That is, they claim Appellees discontinued the underlying action only after Appellants demanded they file a complaint and provided notice of their intent to file a judgment of *non pros* absent the filing of a complaint. However, we conclude **Bannar** is not on point.

In **Bannar**, this Court upheld a plaintiff's Dragonetti Act verdict on the basis that the plaintiff's voluntary dismissal on the eve of trial constituted a final determination in favor of the defendants. We did so because the peculiar, troubling evolution of that case suggested beyond any credible doubt that the suit in question was brought for an improper purpose and "tend[ed] to establish neither [the plaintiffs] nor [the] attorneys were attempting to properly adjudicate the claim." **Id.** at 248. This Court observed that "[a] last-second dismissal in the face of imminent defeat is not favorable to appellants. [The] [a]ppellants did not answer the bell in the fight they started, which is a victory for the other side." **Id.**

In the case *sub judice*, given the underlying action was in its preliminary stages, and Appellees had not even filed a complaint, we agree with the trial court that there was no "last-second dismissal in the face of imminent defeat." **Id.**

Accordingly, we conclude the trial court did not err in sustaining Appellees' preliminary objection on this basis. Consequently, we need not address Appellants' remaining issues, and we affirm.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/16/2024