# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colin Whiting, : 
                Appellant : 
 : 
      v. : No. 957 C.D. 2022
 : SUBMITTED: September 11, 2023
Pennsylvania Department : 
of Transportation : 

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE STACY WALLACE, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED: October 18, 2023**

Colin Whiting, Plaintiff, appeals from the dismissal of his lawsuit against the Pennsylvania Department of Transportation (PennDOT) by the Court of Common Pleas of Wayne County for lack of personal jurisdiction as a result of Plaintiff's failure to properly serve the writ of summons and complaint initiating the case. We affirm.

The operative facts are as follows. Plaintiff was injured in an accident claimed to have occurred on October 8, 2017. Plaintiff, in accordance with 42 Pa.C.S. § 5522(a), provided PennDOT and the Office of Attorney General (OAG) with notice of his intent to commence a civil action through a letter sent by counsel on January 5, 2018. Plaintiff commenced his action on October 4, 2019 by filing a praecipe for a writ of summons in the trial court. Although the writ was issued that day, it was not served upon PennDOT or OAG. Plaintiff filed a complaint on

October 26, 2020, more than a year after issuance of the writ of summons. The complaint was also not properly served upon PennDOT or OAG. Rather, copies of the complaint were sent "for service" by certified mail through the United States Postal Service. (Reproduced R. "R.R." at 36.)

PennDOT filed preliminary objections on November 25, 2020, asserting that the trial court lacked jurisdiction over it because of Plaintiff's failure to properly serve the writ of summons and the complaint. Subsequently, on February 5, 2021, Plaintiff filed praecipes to reissue the writ of summons and reinstate the complaint. By order dated March 1, 2021, the Honorable Janine Edwards, President Judge, overruled PennDOT's preliminary objections, explaining that "[o]n February 5, 2021, Plaintiff reissued the writ of summons and reinstated the Complaint against [PennDOT]." (R.R. at 59.)

After completion of discovery, PennDOT filed a motion for summary judgment. A second judge, the Honorable Matthew L. Meagher, granted PennDOT's motion on August 4, 2022, dismissing the action with prejudice because the trial court lacked personal jurisdiction over PennDOT, explaining as follows:

> The Court is persuaded by the case relied upon by PennDOT, *Gussom v Teagle*, 247 A.3d 1046 (Pa. 2021), to dismiss the instant action for lack of personal jurisdiction. A complaint or writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. *See* [*Id.* at] 1048 [citing *Lamp v Heyman*, 366 A.2d 882, 889 (Pa. 1976)]. A plaintiff is also required to make a good-faith effort to effectuate notice upon a defendant of commencement of the action. *See id.* [citing *Farinacci v. Beaver Cnty. Indus. Dev. Auth.*, 511 A.2d 757, 759 (Pa.1986)]. [Plaintiff] failed to effectuate proper service, and did not attempt to effectuate proper service, upon PennDOT and [OAG] from the issuance of the writ of

2

summons on October 4, 2019 until both parties were properly served by sheriff in February 2021. [Plaintiff] also failed to make a good-faith effort to notify PennDOT of the commencement of the action.[1]

---

[1] The Pennsylvania Rules of Civil Procedure allow a plaintiff to commence a civil action by filing either a *praecipe* for a writ of summons or a complaint. Pa.R.Civ.P. 1007. The Rules require a plaintiff to serve the defendant with original process within 30 days after the issuance of a writ or the filing of a complaint. Pa.R.Civ.P. 401(a). If the plaintiff does not effectuate service within that time period, he can *praecipe* for reissuance of the writ or reinstatement of the complaint. Pa.R.Civ.P. 401(b)(1). So long as the plaintiff files his writ or complaint before the expiration of the statute of limitations applicable to his cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations.

With *Lamp*, our Supreme Court sought to curb abuse of process "by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation." *McCreesh v. City of Phila.*, 888 A.2d 664, 665 (Pa. 2005). *Gussom* summarized the rules of previous cases as follows:

> *Lamp* and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to *McCreesh* a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Gussom*, 247 A.3d at 1057. *Gussom* held that "a trial court has the discretion to dismiss a complaint when a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner and there is no evidence to indicate that the defendant had actual notice of the action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally." *Id.* at 1048.

3

(R.R. at 82.)   The instant appeal followed.  The trial court directed Plaintiff to file a concise statement of errors complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).  Plaintiff complied and the trial court filed an opinion under Pennsylvania Rule of Appellate Procedure 1925(a), stating in pertinent part as follows:

> This Court relies upon its Order dated August 4, 2022 and adopts and incorporates the entirety of said [o]rder. Further, this Court is not precluded from granting summary judgment following the denial of preliminary objections on the same grounds.  *See Rosenfield v. Pennsylvania Auto. Ins. Plan*, 636 A.2d 1138, 1142 (Pa. Super. 1994).  As noted in the August 4, 2022 Order, this Court granted Defendant's Motion for Summary Judgment . . . and dismissed the matter relying upon *Gussom v. Teagle*, 247 A.3d 1046 (Pa. 2021), a case decided on March 25, 2021[,] and subsequent to this Court's March 1, 2021 Order on preliminary objections.

(R.R. at 86.)

> On appeal, Plaintiff raises the following issues:
>
> [1] President Judge Janine Edwards' March 1, 2021 finding and Order overruling [PennDOT's] Preliminary Objection, pre-*Gussom*, should be the controlling decision in this matter as no new facts were uncovered during discovery to warrant disturbing her ruling.
>
> [2] In the alternative, if the Honorable Matthew Meagher's August 4, 2022 Opinion and Order, and his subsequent [Opinion] dated October 18, 2022, should be controlling, it should be reversed and this case should be remanded for further proceedings for failure of the Trial Court to apply the Chevron[2] balancing test.

---

[2] *Chevron Oil. Co. v. Huson*, 404 U.S. 97 (1971).

(Pl. Br. at 6.)

Plaintiff argues that the decision by President Judge Edwards should control this case, because no new information was uncovered in the course of the case. Plaintiff makes the argument as follows:

> It is generally understood that a motion for summary judgment is made based on additional information that is uncovered throughout the course of the case. However, if no new facts relating to the issue have been added to the record, there is no reason to reach a different conclusion. In that circumstance, the first [j]udge's ruling at the [p]reliminary [o]bjection stage of the case should stand.

[Pl. Br. 7 (emphasis original).] Curiously, Plaintiff provides no authority for this proposition.[3] Rather, immediately preceding this argument, Plaintiff cites *Rosenfield* for the general proposition that "[o]rdinarily, a trial judge should not overrule a decision made by another judge in the same court in the same case," generally known (but not referred to by Plaintiff) as the coordinate jurisdiction rule. 636 A.2d at 1142. *Rosenfield* immediately continued as follows: "[h]owever, this rule is not intended to preclude granting summary judgment following the denial of preliminary objections." *Id.* It is clear that the coordinate jurisdiction rule does not apply "where the motions differ in kind." *Goldey v. Trs. of Univ. of Pa.*, 675 A.2d 264, 267 (Pa. 1996). Here, the legal basis for the grant of summary judgment was distinct from the basis upon which the preliminary objections was sought. While *Rosenfield* states that the judge at the summary judgment stage in *that* case had greater evidence for the grant of summary judgment, 636 A.2d at 1142, it is, as then-Judge, now Justice Wecht observed in *K.H. ex rel. H.S. v. Kumar*, 122 A.3d

---

[3] It may also be noted that some events considered by the second trial judge in the issuance of summary judgment, such as the February 2021 reissuance of the writ and reinstatement of the complaint, occurred after the preliminary objections were filed.

5

1080 (Pa. Super 2015), "immaterial whether, in fact, the decisional record on summary judgment before [a second judge] varied at all from what [a first judge] had at his disposal in reviewing . . . preliminary objections," *id.* at 1092. It is the differing nature of the motions that suffices to preclude application of the coordinate jurisdiction rule. *Id.*

Plaintiff further argues that *Gussom* represented a change in the controlling law and its retroactive application should be subject to the criteria set forth by the United States Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971).[4] However, as pointed out by PennDOT, this argument was not raised in Plaintiff's Rule 1925(b) statement.[5] "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to [Rule] 1925. Any

---

[4] In *Chevron*, the United States Supreme Court identified criteria for determining whether a decision will be prospectively applied:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision . . . could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Blackwell v. State Ethics Commission*, 589 A.2d 1094, 1100 (Pa. 1991) (quoting *Chevron*, 404 U.S. at 106-07).

[5] (*See* Pl. Concise Statement of Matters Complained of on Appeal, R.R. at 85.)

6

issues not raised in a [Rule] 1925(b) statement will be deemed waived." *Com. v. Hill*, 16 A.3d 484, 494 (Pa. 2011) [quoting *Com. v. Lord,* 719 A.2d 306, 309 (Pa. 1998)].

Further, were this argument not waived, it would still be unavailing; as it pertains to this case, *Gussom* is not a new rule of law—it merely applied the rule set forth in *Lamp* and subsequent cases requiring a plaintiff to make a good-faith effort to diligently and timely serve process on a defendant.[6] At all events, no argument that such effort was made has been presented to this Court.

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[6] *See supra* n.1.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Colin Whiting, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 957 C.D. 2022 |
| | : | |
| Pennsylvania Department | : | |
| of Transportation | : | |

# **O R D E R**

AND NOW, this 18th day of October, 2023, the order of the Court of Common Pleas of Wayne County is AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita